MARTIN and Others *v.* BLISS.

A river in this state may be navigable and a public highway, without its having been declared to be so by the legislature.

In a suit against a person for so obstructing a navigable river, as to cause a loss of the plaintiff's timber, &c., the right to recover must depend, not on the shape, &c. of the timber, but on the fact of the loss of or injury to the plaintiff's property, such as it was, occasioned by the obstruction.

Nor can the plaintiff's belief or opinion, at the time, as to the practicability of passing the obstruction with his property, affect the defendant's responsibility for such loss or injury.

An action on the case lies for an injury occasioned by the obstructing of any highway.

ERROR to the *Cass* Circuit Court.

DEWEY, J.—This was an action on the case for obstructing *Eel* river by a mill-dam, in consequence of which *Bliss*, the plaintiff below, lost a quantity of timber which he was floating to market. The declaration alleges *Eel* river to be a navigable stream and public highway. Plea, the general issue. Verdict for plaintiff; motion in arrest of judgment overruled, and final judgment on the verdict.

The alleged errors consist in the refusal of the Circuit Court to give the following instructions to the jury on the motion of the defendants below, and in overruling the motion in arrest of judgment.

1. That as neither the territorial or state legislature had ever declared *Eel* river navigable, the plaintiff was not entitled to recover.

This charge was properly refused by the Court. The navigableness of *Eel* river was one of the facts put in issue by the pleadings, and its existence was correctly left to the jury upon the evidence before them. Nature is competent, we should imagine, to make a navigable river without the help of the legislature.

2. That if the loss of the plaintiff's timber upon the dam of the defendants was occasioned by its being "a raft of *long* logs," which the plaintiff himself believed he could not float over the dam, he was not entitled to sustain his action.

We do not consider this instruction as involving the question, whether a person who, by the unlawful act of another, has received an injury which he might have avoided by prudent conduct, can sustain an action for such injury;

but that it amounts simply to this—that if the *length* of the plaintiff's timber was such, and so believed to be by him, that it could not pass the dam, when, had it been shorter it might have floated over it in safety, he was not entitled to recover against the defendants for the loss of his timber occasioned by their obstruction of the navigation of the river.

The Court committed no error in refusing this instruction. The plaintiff's right of action did not depend upon the shape, dimensions, or quantity of his timber, but upon the fact of loss of, or injury to, his property such as it was, occasioned by an impediment to the navigation of the stream erected by the defendants. Nor could the plaintiff's belief or opinion as to the practicability of passing the mill-dam with his property affect the responsibility of the defendants for such loss or injury. The obstruction might have been so complete as to render it certain that no description of property could pass it. Had such been the fact, and the plaintiff perfectly aware of it before he committed his timber to the river, it will scarcely be seriously contended that it could constitute a good defence to an action for an injury caused by such obstruction. Could such a defence avail, it would be easy to destroy the navigation of many rivers with impunity.

3. That " case" would not lie " for obstructing a highway, unless the highway be such in the common law sense of the term."

We think this charge too was rightly refused. If there be any highway, which is not such " in the common law sense of the term," we know of no reason why an action on the case will not lie for an injury occasioned by unlawfully obstructing it. Nor does the record show any evidence which could render this instruction pertinent, however various may be the meanings of the term highway.

In support of the motion in arrest of judgment, it is urged that the declaration contains no averment that *Eel* river was navigable at the place where the mill-dam was erected. Whether this objection, were it founded in truth, could be sustained after verdict need not be decided, as we think the averment is substantially made.

*Per Curiam.*—The judgment is affirmed with 5 *per cent.* damages and costs.

*R. A. Lockwood* and *H. Cooper*, for the plaintiffs.

*I. Naylor*, for the defendant.