May Term,
1850.

The Board of
Commission-
ers, &c.,
v.
The White
Water Val-
ley Canal
Company.

The Board of Commissioners of Franklin County *v.* The White Water Valley Canal Company and Another.

An action on the case lies for an injury occasioned by the obstructing of any public highway.

The *White Water Valley Canal Company* are bound to build bridges and keep them in repair where the canal crosses highways.

In case of a suit being brought for the failure of the company so to build, the declaration must aver that a reasonable time had elapsed before the plaintiffs had performed the labor.

In an action against two defendants, the declaration contained a good cause of action against one of them. Demurrer sustained to the whole declaration. *Held,* that it should not have been sustained.

Wednesday,
July 24.

ERROR to the *Franklin* Circuit Court.

Blackford, J.—This was an action on the case founded on tort. The plaintiffs in error were the plaintiffs below. General demurrer to the declaration, and judgment for the defendants.

The first count is substantially as follows:

That before the committing of the grievances hereinafter mentioned, to-wit, on, &c., at, &c., there were established and used certain highways (which are described) in *Franklin* county, which highways had been made by the plaintiffs at an expense of 20,000 dollars; that until the committing of the grievances hereinafter mentioned, there was no necessity for the erection or maintenance of bridges along said highways, but that the same were in good repair; that the plaintiffs then and there had the care and superintendence of said highways, and were bound to repair the same; that, afterwards, to-wit, on, &c., at, &c., the defendants made a canal through said county for their own exclusive profit, and crossed and obstructed, at divers places in said county, the said highways, and rendered them wholly waste and unfit to travel over; that thereby the money, so as aforesaid expended by the plaintiffs, was wholly lost, and they had been obliged to expend in building and repairing bridges across said canal the further sum of 20,000 dollars.

There are two other counts which are, in some respects, similar to the first.

May Term, 1850.

THE BOARD OF COMMISSION-ERS, &c., v. THE WHITE WATER VAL-LEY CANAL COMPANY.

The declaration concludes by averring that, by reason of the matters set out in the three counts, the plaintiffs are damaged 50,000 dollars.

We see no substantial objection to the first count as respects the defendant, *Coffin.* By making the canal across said highways, he has, for aught that appears, created a public nuisance. He may be indicted for such nuisance, because of the injury it occasions to the public generally. 4 Blacks. Comm. 167.—R. S. p. 974. He is also liable, in a civil suit, to any person who may have sustained any special damage by the offence. Thus, where a person driving laden asses was delayed several hours in consequence of the defendant's keeping a gate shut across a highway, it was held that an action on the case would lie for the particular damage thus sustained. *Greasly* v. *Codling et al.*, 2 Bingh. 263. See, also, *Martin* v. *Bliss*, 5 Blackf. 35. The law makes it the duty of the county commissioners to have bridges built and kept in repair, where necessary, on the highways in the county. R. S. p. 333. If, in consequence of *Coffin's* making the canal, the plaintiffs have been obliged, as they allege, to build or repair a bridge or bridges in the county where the canal crosses said highways or any of them, they (the plaintiffs) have received a special damage by the nuisance, and may sue the offender, in an action on the case, for such damage.

The case is, however, different as to the other defendants—the *White Water Valley Canal Company.* They were authorized, by a public law, to make this canal and take tolls thereon, on the condition, among others, that they would build suitable and convenient bridges where the canal should cross highways. Acts of 1842, pp. 37, 42. We have no doubt but that the canal company are bound, not only to build the bridges, but also to keep them in repair. They have constructed a canal *for their own benefit*, and have destroyed the highways where they are crossed by the canal. The maxim, *Qui sentit commodum sentire debet et onus*, applies to the case. This doctrine is settled by authority. We will notice some of the

May Term, 1850.

THE BOARD OF COMMISSIONERS, &c.,
v.
THE WHITE WATER VALLEY CANAL COMPANY.

cases. The *Medway Navigation Company* were authorized by statute to make the river *Medway* navigable, and to take tolls; and "to amend or alter such bridges or highways as might hinder the passage or navigation, leaving them or others as convenient in their room," &c. The company destroyed a ford across the river by deepening its bed, and built a bridge over the same place. It was held that the company were bound to keep such bridge in repair, as under *a continuing condition* to preserve the new passage in lieu of the old one, which they destroyed for their own benefit. In that case, the Chief Justice said: "Here the statute gives power to the company to alter the old highway for their own purposes upon condition of leaving another passage as convenient in its room: and if they do not perform the condition, they are not entitled to do the act. It is a continuing condition; and when the company thought proper for their own benefit to alter the highway in the bed of the river, so that the public could no longer have the same benefit of the ford, they were bound to. give another passage over the bridge, *and to keep it for the public.*" *The King* v. *The Inhabitants of Kent*, 13 East, 220. Again: *The Company of Proprietors of the Horncastle Navigation* were authorized, by an act of parliament, to make a certain river navigable, and to make and enlarge certain navigable cuts, and build bridges and other works connected with the navigation. The company, for their own benefit, made a navigable cut and deepened a ford which crossed the highway, and thereby rendered a bridge necessary for the passage of the public, which bridge they accordingly built at their own expense. It was held that the company, and not the inhabitants of the county, were bound to keep the bridge in repair. *The King* v. *The Inhabitants of Lindsey*, 14 East, 317. Again: The commissioners for making navigable the river *Wavency* were empowered, by act of parliament, amongst other things, to cut the soil of a highway in order to make a new channel, &c. The commissioners, for the purposes of the navigation, made a navigable cut across a highway; which cut ren-

May Term,
1850.

THE BOARD OF
COMMISSION-
ERS, &C.,
v.
THE WHITE
WATER VAL-
LEY CANAL
COMPANY.

dered the highway impassable, and a bridge was built over it. The bridge was not, in any manner, useful to the navigation, but was necessary to the public who pass upon the highway. It was held that the owner of the navigation, and not the county, was bound to repair the bridge, for the county could derive no benefit from passing over the bridge, instead of the solid highway as it originally was. *The King* v. *Kerrison*, 3 Maule & Selw. 526. See, also, the following cases to the same effect: *Heacock* v. *Lockwood*, 14 Wend. 58.—*Dygert* v. *Schenck*, 23 id. 446.—*Rowe* v. *The, Granite Bridge Corporation*, 21 Pick. 344. In the case before us, the canal company must secure the persons interested from being injured by the canal's crossing the highways, which cannot be done unless the company build and keep in repair bridges over the canal at such crossing places. If they neglect to perform this duty, they must pay the damages which such neglect may occasion. A reasonable time, however, must be given to the company to build or repair the bridge or bridges, which, by their making of the canal, it has become their duty to build or repair. The count now under consideration is bad, as respects the company, for not alleging that a reasonable time for the performance of the work as to the bridges, (which work was left undone by the company,) had elapsed before the plaintiffs had performed it.

The second count alleges that both the canal company and *Coffin* were authorized to make the canal, &c. The objection to the first count, which we have noticed as applicable to the company, exists as to the second count, and applies to *Coffin* as well as to the company.

The third count alleges no special damage, and is bad for that reason.

As this is an action against two defendants, founded on tort, and the first count contains a good cause of action against one of the defendants, the demurrer to the whole declaration should not have been sustained.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the demurrer set aside, with costs.

Cause remanded for further proceedings, with leave to the plaintiffs to amend the declaration.

*J. A. Matson* and *D. Brier*, for the plaintiffs.

*S. W. Parker* and *G. Holland*, for the defendants.