Powell *et al. v.* Bunger.

Filed October 11, 1883.

---

| 91 | 64 |
|----|----|
| 131 | 283 |
| 91 | 64 |
| 141 | 612 |

| 91 | 64 |
|----|----|
| 155 | 425 |

| 91 | 64 |
|----|----|
| f171 | 556 |

No. 9810.

POWELL ET AL. *v.* BUNGER.

HIGHWAY.—*Action for Obstructing.*— *Who May Maintain.*—*Special Injury.*— *Demurrer.*—*Private Way.*—*Easement.*—*Damages.*—On demurrer to a paragraph of a complaint for obstructing a public highway,

*Held,* that a person may not maintain such action where the obstruction is an injury to him only in the same manner that it is to all other citizens.

*.Held,* also, that a person can maintain such action only where the obstruction causes him special injury to his person, trade or estate. The *gravamen* of an action for obstructing a private way is the obstruction; in case of a public way it is the special injury to the plaintiff.

*Held,* also, that to be prohibited by one, through whose lands a public highway passes, from passing upon the way, and to cease to use it, or refrain from using it, because of such prohibition, and because such person has wrongfully obstructed it, will not constitute a special injury, or give a right of action for loss or inconvenience arising from going a more circuitous and difficult way. WOODS, C. J., dissents.

SAME.— *Verdict.*—*Judgment.* —*Error.*—*Supreme Court.*—*Petition for Rehearing.* —Complaint in two paragraphs for obstructing a highway, the first alleging an obstruction by defendant of the plaintiff's private way, and the second the obstruction of a public highway; the first asked that the plaintiff's way might be established, his right thereto quieted, the defendant enjoined, and for damages; the second asked for damages and an injunction; a demurrer was overruled to the second; the case was put at issue, trial by jury had, with a general verdict for plaintiff for nominal damages, and judgment rendered thereon for such damages, and enjoin-

Powell *et al. v.* Bunger.

ing defendants from molesting the plaintiff's use of the private way and also the highway; on appeal to the Supreme Court by defendant, the ruling of the lower court on the demurrer is held to be error, and judgment reversed; appellee then files petition for a rehearing, alleging as reasons that the court should have reversed the judgment only so far as it was based on the second paragraph of the complaint, and should have affirmed it as to the first paragraph, offering to remit any recovery under the second paragraph, and asking the court to modify its judgment accordingly.

*Held,* on such petition, that the court could not make the modification asked without a rehearing.

*Held,* also, that the judgment could not be affirmed in part without examining and determining whether there is any other error in the record than that pointed out in the original opinion in the ruling on the demurrer.

*Held,* also, that the verdict was general, and the judgment thereon was based on each paragraph, and the Supreme Court can not sever the judgment so that it can say that a certain definite part thereof is affected by the error in ruling on the demurrer, and that the remainder is unaffected thereby.

PRACTICE.—*Certification of Record on Appeal Where there has been Change of Venue.*—A complaint in two paragraphs was filed in the Ohio Circuit Court; demurrer overruled to the second; thereupon a change of venue was taken to the Dearborn Circuit Court, where the cause was put at issue, tried, and verdict and judgment rendered for the plaintiff; defendant appealed; the record was made out by the clerk of the D. C. C. pursuant to the written instructions of appellant, under section 649, R. S. 1881; the record does not contain the certificate of the clerk of the O. C. C., which was appended to the transcript filed in the D. C. C. on change of venue, nor did appellant's written direction instruct the clerk of the D. C. C. to certify such transcript from the O. C. C., nor does the clerk of the D. C. C. certify that the record sent up contains a transcript from the O. C. C. On petition by appellee for rehearing, in which it is objected that the ruling of the O. C. C. on the demurrer was not before the Supreme Court.

*Held,* that it was not necessary, in the written instruction to the clerk of the D. C. C., to designate those portions of the record as being parts of the transcript from the O. C. C.

*Held,* also, that appellee can not be permitted to say in the Supreme Court, for the purpose of maintaining his judgment rendered by the D. C. C., on change of venue, that there was no change of venue, without which change his judgment could not stand.

From the Dearborn Circuit Court.

*W. S. Holman* and *J. B. Coles,* for appellants.
*A. C. Downey* and *S. R. Downey,* for appellee.

BLACK, C.—This was an action commenced in the Ohio Circuit Court by the appellee against the appellants.

The complaint was in two paragraphs. The cause of action set forth in the first paragraph was the obstruction by the appellants of the appellee's private way from his lands. through their lands, the denial of his right thereto by the appellants, their threat to continue the obstruction, and the consequent damage to the appellee, and impairment of the value of his said lands, the lands of all the parties being in Ohio county; and the appellee in this paragraph prayed. that his said way might be established, and that his right thereto might be quieted, that appellants might be enjoined from obstructing the way, and that appellee might recover damages and have other proper relief.

The second paragraph alleged the existence of a public highway through and over the lands of the appellants in said Ohio county, for all the citizens of said county to go, return,. pass and repass, on foot, with horses, wagons, carriages and other vehicles, at all times, of their free will and pleasure; that the appellee was the owner of certain tracts of land at and adjoining said highway, and had lawful right to pass and. repass on said highway, to carry off the products of his farm. and for other purposes, and would have used said highway, as. aforesaid, had it not been for the wrongful acts of the appellants; yet they, well knowing the premises, on, etc., wrongfully and unjustly, to injure the appellee and to prevent him from having the use of said highway, prohibited him from using said highway, and shut and closed and obstructed the same, from, etc., until the commencement of this action, and thereby prevented the appellee from using the same as he otherwise might and would have done; by means of which the appellee was obliged to and did use and travel a much more circuitous and difficult way, and for a much greater

distance than he otherwise would, and of right ought to have done, to his damage $500; that appellants threatened to continue to obstruct said highway and to prevent appellee from using the same, which would work great and irreparable damage to him and to his said lands; and he asked judgment for $500 damages, and that appellants might be enjoined, etc.

A demurrer to the second paragraph of the complaint, for want of sufficient facts, was overruled.

Issues were formed, and the venue was changed to the Dearborn Circuit Court, where a trial by jury resulted in a general verdict for the appellee, with nominal damages, and judgment was accordingly rendered in his favor upon both paragraphs of the complaint.

The overruling of the demurrer to the second paragraph of the complaint, with other subsequent rulings, has been assigned as error; and as that paragraph must be held insufficient, other questions discussed by counsel need not be decided.

A person may not have an action for the obstruction of a public easement, which is an injury to him, only in the same manner that it is an injury to all other citizens; but he may have his action for a special injury to him in his person, trade, or estate, occasioned by such a nuisance.

In an action for an obstruction of a private way, the gist is the obstruction, the deprivation of the right of way; in an action for an obstruction of a public way, the *gravamen* is the special damage to the plaintiff.

These are very familiar general principles, but it is not always easy to distinguish between an injury which the complainant suffers in common with the public, and an injury which is so peculiar to himself as to support a civil action, and the reported cases are not without disagreement.

There was no allegation in the second paragraph of the complaint that the appellee had abated any obstruction, or that when actually passing along the highway he had been delayed or turned back by any obstruction; but he appears

to have ceased to use the road because he was prohibited from using it by the appellants, and because they shut, closed and obstructed it; and thereafter he did not use this road or attempt to use it, so far as is shown by the complaint. He alleged that he would have used it to pass and repass, to carry off the products of his farm and for other purposes, and that the appellants, by prohibiting him from using the road, and shutting, closing and obstructing it, prevented him from using it, as he otherwise might and would have done, by means of which he was obliged to and did use and travel a much more circuitous and difficult way, and for a much greater distance than he otherwise would, and of right ought to have done. Because he had been prohibited and because an obstruction existed, he went a more circuitous and difficult way.

To be prohibited by one through whose lands a highway runs from passing upon the highway, and to cease to use or refrain from using the road because of such order, will not constitute a special injury from a public nuisance, or afford a right of action for the loss and inconvenience arising from going a more circuitous and difficult way; and while the injury to the public from an obstruction of a highway may rest in contemplation, there must be an actual hinderance to an individual to entitle him to his private remedy.

The way being a public one, every citizen had a right to pass and repass upon it, and to carry the products of his farm or other commodities upon it. This right is expressly alleged by the complaint as being in every citizen of the county, and it would be implied, without such averment, from the allegation that the road was a public highway.

We can not perceive how the appellee was specially injured, then, unless it was because of his proximity to the road obstructed. But one's right to use a public way for passage thereon is not affected by the distance of his residence therefrom. Proximity gives him no greater right of passage. All other citizens have as much right to travel on a public road as those who reside upon it or near it. Though the use may be more

valuable to him whose land is near the road or adjoins it, and for whom it is the most direct way to market, yet his injury arising from the obstruction of the highway is the same in kind as that suffered by others of the community, though it may differ in degree from that of others.

This is not a question of one's being deprived of necessary means of access to, or egress from, his property. See *Ross* v. *Thompson,* 78 Ind. 90; *Cummins* v. *City of Seymour,* 79 Ind. 491, 502 (41 Am. R. 618). The obstruction alleged is merely a public nuisance, which *per se* gives no right of private suit.

We will not lengthen this opinion by reviewing the authorities. Upon an examination of the cases, it will be found that the tendency is to restrict rather than to extend the right of civil action for obstruction of public easements. *Rose* v. *Miles,* 4 M. & S. 101; S. C., Bigelow L. Cas. Torts, 460; *Winterbottom* v. *Derby,* L. R. 2 Exch. 316; *Hughes* v. *Heiser,* 1 Binn. 463; *Blood* v. *Nashua, etc., R. R. Corp.,* 2 Gray, 137; *Houck* v. *Wachter,* 34 Md. 265; *Pierce* v. *Dart,* 7 Cow. 609; *Lansing* v. *Smith,* 8 Cow. 146; *McCowan* v. *Whitesides,* 31 Ind. 235; Angell High., sec. 285; Thomp. High. 346; Thomp. Neg. 341.

In such cases the individual is not without remedy, but, his injury being one shared by him with the public, the remedy must be one in which all citizens share, and must be pursued by a public prosecution. The judgment should be reversed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be reversed, at appellees' costs, and the cause is remanded with instructions to sustain the demurrer to the second paragraph of the complaint.

WOODS, C. J., thinks the second paragraph good. It shows special damage to the appellee in that he was compelled to, and *did,* use and travel a more circuitous and difficult way. See *Board, etc.,* v. *White Water, etc., Company,* 2 Ind. 162; *City of Chicago* v. *Union Building Association,* 102 Ill. 379; S. C., 40 Am. R. 598.

Filed March 14, 1883.

ON PETITION FOR A REHEARING.

BLACK, C.—It is urged by the learned counsel for the appellee, that if we were correct in holding that the court erred in overruling the demurrer to the second paragraph of the complaint, yet, inasmuch as the complaint sets forth two separate causes of action, we should have reversed the judgment only so far as it was based upon that paragraph, and should have affirmed it as to the cause of action stated in the first paragraph; and the appellee now offers to " remit " any recovery under the second paragraph, and asks this court to modify its opinion and judgment so as to reverse the judgment of the court below upon the second paragraph of the complaint and affirm it as to the first paragraph, in the event that the court shall not grant a rehearing.

We could not make such a modification without a rehearing.   We could not affirm the judgment in part without examining and determining whether there is any other error in the record than that pointed out in the original opinion, beyond which it was not necessary to look.

But we did not fail on the original hearing to give attention, as requested then by the learned counsel for the appellee, to the question whether it would be proper to affirm in part and reverse in part.   The verdict was general, and the judgment thereunder was general for the damages, and the defendants were enjoined from molesting, disturbing or obstructing the plaintiff in the full and free use of the private way mentioned in the first paragraph of his complaint, and also the highway mentioned in the second paragraph of the complaint, except as to certain swinging gates.

If the court erred in overruling the demurrer to the second paragraph of the complaint, that error was carried into the verdict and into the judgment.   It can not be said that a judgment against the defendants on the first paragraph was any more authorized by the verdict than was a judgment against them on the second paragraph; and it would not have

Powell *et al. v.* Bunger.

been proper, while the verdict was permitted to stand, to set aside the judgment merely as to a part of that portion of the relief referable to the second paragraph of the complaint, such part being authorized by the verdict. The judgment can not be severed so that we can say that a certain definite part thereof is affected by the error, and that the remainder is unaffected thereby. Of course the appellee can not dismiss as to his second paragraph of complaint at this stage, and treating his offer to "remit" as in effect a request that a rehearing be granted, and that thereon the judgment be affirmed in part, it can not be accepted.

It is insisted that the action of the court in overruling the demurrer to the second paragraph of the complaint was not properly before us. The transcript for this appeal was made by the clerk of the Dearborn Circuit Court upon written directions of the appellants, as provided in section 558, code of 1852, which was the same as is section 649, R. S. 1881, being a transcript of so much of the record as the appellants so directed, with the written directions appended.

The ruling upon demurrer which we held to be erroneous was made by the Ohio Circuit Court. It is contended for the appellee that the ruling upon the demurrer is not legally shown, because the record brought to this court does not contain a certificate of the clerk of the Ohio Circuit Court appended to the transcript filed in the Dearborn Circuit Court on change of venue, and because in the written directions for a transcript the appellants did not direct the clerk to certify said transcript from the Ohio Circuit Court, and the clerk of the Dearborn Circuit Court does not certify that the record sent to this court includes a transcript from the Ohio Circuit Court.

The appellants did not direct the clerk to transcribe any transcript, but they did direct him to make a transcript of the papers filed in the Ohio Circuit Court and of the submissions and the rulings of the court, specifying the papers and rulings, and the clerk's certificate conforms to the written directions. It was not necessary to designate these portions of the

record as being parts of a transcript from the Ohio Circuit Court. This court will not be prevented by informality or omission in the appellants' written directions for a transcript, from looking into any portion of the record before it, as may become necessary to a proper decision of the cause. No question was made in the court below, and none is made here, as to the regularity and validity of the change of venue. Without a valid change of venue, the Dearborn Circuit Court would have had no jurisdiction of the subject-matter of the first paragraph of the complaint, relating to a private way in Ohio county. It can not be permitted to the appellee, who obtained a judgment in the Dearborn Circuit Court upon a change of venue from the Ohio Circuit Court, to say in this court, for the purpose of maintaining his judgment, that there was no change of venue, without which his judgment could not stand. He can not repudiate here the proceedings which led up to that judgment, which he recognized and took advantage from in the court below, and upon which his judgment in part depends. We can not ignore or reject a part of the proceedings in the Ohio Circuit Court and recognize and sustain another part thereof. What might be the proper result if the appellants had raised and presented a question as to the change of venue, need not be considered.

Counsel for the appellee have again argued the question of the sufficiency of the second paragraph of the complaint, but we are unable to reach a different conclusion thereon.

PER CURIAM.—The petition for a rehearing is overruled.

Filed October 13, 1883.

---

PRACTICE.—*Bill of Exceptions.*—That time was given for the preparation of a bill of exceptions must appear by the record, otherwise than in the bill itself, else the bill filed during vacation will not be available.