Waltman v. Rund et al.

* Filed March 15, 1884.

---

No. 11,236.

## WALTMAN v. RUND ET AL.

NUISANCE.—*Complaint for Damages for Obstructing Street.—Nominal Damages.—Harmless Error.*—In an action by a lot owner, against an adjoining proprietor, for damages resulting from an obstruction alleged to have been placed by the defendant in a public street used by the plaintiff, and to abate the alleged obstruction, the complaint should allege special injury to the plaintiff, beyond facts showing merely nominal damages ; and, in such an action, the sustaining of a demurrer for insufficiency to a complaint showing merely nominal damages is not available error in the Supreme Court.

From the Brown Circuit Court.

*G. W. Cooper*, *C. B. Cooper* and *W. M. Waltman*, for appellant.

*W. R. Harrison*, *W. E. McCord* and *R. L. Coffey*, for appellees.

BLACK, C.—A demurrer to the complaint of the appellant against the appellees, for want of sufficient facts, was sustained.

The complaint showed that the appellant was the owner of certain lots and parts of lots in block six, of the town of Georgetown, Brown county, in this State, some of said lots and parts of lots being bounded on the west by a certain street known as Western Border street, thirty-six feet wide, running north and south the entire length of said town, and all of them being adjacent to certain alleys which intersected said block; also, that he was the owner of the lands west of and adjoining said street, and that he had a grist-mill which he operated at a certain distance south of said block and west of said street; also, that he was the owner of the lands on the north and northwest of said block, and that at a certain distance northwest of said block he had erected a barn, which he was using and occupying; that at a certain distance north of said block his dwelling-house and out-buildings were situated, where he resided; and that he had a dwelling-house on a certain one of said lots, which he rented by the year.

It was alleged that the appellees were the owners and in the possession of a certain lot and parts of certain lots in said block, south of and adjoining the appellant's said lots and parts of lots, said property of the appellees extending across said block and being the southern portion thereof, and being intersected north and south by one of said alleys, and being bordered on the west by said Western Border street, and on the south by another street forty feet wide, running across the entire width of said town.

It was then alleged that the appellees built a fence on, along and across the alley, so dividing their property, and that they built a fence on, along and across said Western Border street, on the west side of their said property and on the east of the appellant's lands adjoining said Western Border street; "whereby the comfort of the plaintiff has been disturbed, and an obstruction to the free use of plaintiff's property, so

as essentially to interfere with the comfortable enjoyment of life and his property; whereby the plaintiff says said fence became and was and is a nuisance, and whereby the plaintiff is damaged $100. Wherefore the plaintiff demands judgment for $60, that said nuisance be abated, that defendants be enjoined from the maintenance thereof, and that the plaintiff may have all other proper relief."

Assuming, without deciding, that the complaint showed a violation by the defendants of a legal right of the plaintiff, in relation to his property, it did not show by the allegation of facts that he had suffered more than nominal damages, and did not show any prospective injury.

In an action for damages because of a public nuisance, or in a suit to prevent its establishment or maintenance, the plaintiff must show his special injury, and only such special damage can be proved as has been pleaded. The showing of the mere violation of a legal right by the creation of such a nuisance, without any showing of how damages arise therefrom, can entitle the plaintiff to no more than a nominal amount; and, to invoke the preventive remedy, substantial prospective injury must be alleged. 1 Sutherland Dam. 765, 766; High Inj., section 762; White v. Flannigain, 1 Md. 525; Haynes v. Thomas, 7 Ind. 38; Powell v. Bunger, 91 Ind. 64; Murphy v. Evans, 11 Ind. 517.

It was not here shown that the plaintiff had been or would be hindered in the use of the public easement, or that ingress to or egress from his real estate had been or would be prevented, or that the value of his property was or would be depreciated. If the plaintiff showed the violation of a right, he did not by allegation of facts show in what particular respect his comfort had been disturbed, or how the free use of his property, " so as essentially to interfere with the comfortable enjoyment of life and his property," had been obstructed, and he did not allege any threatened or purposed future injury.

Sustaining a demurrer to a complaint which only shows a right to recover nominal damages is not available error.

The judgment should be affirmed.

PER CURIAM.—It is ordered, on the foregoing opinion, that the judgment be affirmed, at the appellant's costs.

Filed March 27, 1884.