Sohn v. Cambern.

No. 12,453.

## SOHN v. CAMBERN.

HIGHWAY.—*Obstruction.*—*Action for Injury.*—*Complaint.*—A complaint by a citizen to recover for an injury accruing from the unlawful obstruction of a highway must show a special injury, or the action can not be maintained.

SAME.—*Interference with Way to Market Town.*—*Special Injury.*—The interference with the way leading to a market town is not such a special injury as will entitle an individual citizen to maintain a private action against one who obstructs a public highway.

PLEADING.— *When Defect in Complaint Cured by Special Finding.*—*Assignment of Error.*—*Supreme Court.*—Where there is a special finding affirmatively showing that all of the material facts were established by the evidence, the omission from the complaint of even an essential averment is not available for the reversal of the judgment, if the sufficiency of the complaint is questioned for the first time by an assignment of error in the Supreme Court.

From the Rush Circuit Court.

*J. A. New* and *J. W. Jones,* for appellant.
*B. L. Smith* and *W. J. Henley,* for appellee.

ELLIOTT, J.—The appellant's contention is that a complaint by a citizen to recover for an injury accruing from the unlawful obstruction of a highway must show a special injury, or the action can not be maintained. We have no doubt that the position of counsel is well assumed. *Waltman* v. *Rund,* 94 Ind. 225; *McCowan* v. *Whitesides,* 31 Ind. 235; Angell Highways, section 285. But in this case the assertion of the rule stated does not determine the controversy, for a further question remains, and that is, whether the appellant can now successfully avail himself of the objection urged against the complaint. There was no demurrer, and there was a special finding of facts made at his request, and we are of the opinion that if the averment which the complaint lacks is found in the special finding, he can not successfully attack the complaint for the first time by his assignment of errors. We do not hold that this court can look into the evidence to decide whether the lack of some allegation in the

complaint was harmless, but we do hold that where there is a special finding fully stating all facts essential to a recovery, the defendant can not, by attacking the complaint in his assignment of errors in this court, secure a reversal. Our statute provides that " no objection taken by demurrer, and overruled, shall be sufficient to reverse the judgment, if it appear from the whole record that the merits of the cause have been fairly determined." R. S. 1881, section 345. If this is the rule where an objection is presented by demurrer, there is much more reason for the application of the principle on which it rests where no objection is made until after judgment.

The special finding is, in the strictest sense of the term, part of the record, and if it affirmatively shows that the plaintiff proved all the facts essential to a recovery, it is evident that no harm was done the defendant in trying the cause upon a defective complaint. If the complaint had been good, it would have imposed upon the plaintiff no greater burden than that of proving all the facts essential to the existence of the cause of action, and where it appears from the special finding that all such facts were proved, it must be held that the record shows that the merits of the case were fairly determined. This conclusion is in harmony with the principle, established by a long line of decisions, that where the face of the record shows that the merits of the controversy were tried, and that the ultimate judgment was right, no intermediate error will be sufficient ground for a reversal. *Keegan* v. *Carpenter*, 47 Ind. 597; *City of Aurora* v. *Bitner*, 100 Ind. 396, and cases cited; Buskirk Pr. 284.

The final judgment in the case is that which adjudicates the rights of the parties, and if that judgment is shown by the face of the record to be correct, intermediate errors can not be deemed to prejudice the substantial rights of the appellant. *Humphries* v. *Davis*, 100 Ind. 369. Our statute expressly provides that no judgment shall be reversed except where injury has been done to the substantial rights of the

parties, and if the final judgment rests on facts affording it an ample support, no injury can possibly be done an appellant, although he may have been put to trial upon a defective complaint. Where there is a special finding in the record, fully stating all the facts essential to the existence of the cause of action of the class attempted to be set forth in the complaint, an attack upon the complaint by the assignment of errors can not prevail, for in such a case the face of the record shows that the merits of the case were fairly determined. The special finding is as much a part of the record as the complaint, and if that affirmatively shows that all of the material facts were established, the court can not say that the record discloses substantial error, and it is only where the record does show a substantial error, that a judgment can be reversed.

The investigation, therefore, does not end with an examination of the complaint, for we must ascertain whether the facts stated in the special finding are such as supply full support to the final judgment, and to that we now direct our attention.

The utmost that can be said of the facts stated in the special finding is, that they show that the appellee's route to her market town is interfered with by the obstruction placed in the highway, and this is not sufficient to entitle her to maintain this action. The interference with the way leading to a market town is not such a special injury as will entitle an individual citizen to maintain a private action against one who obstructs a public highway. *Powell* v. *Bunger,* 91 Ind. 64; *Stetson* v. *Faxson,* 19 Pick. 147, 161.

It is true that the special finding states in general terms that the appellee has suffered special injury, but this is a mere statement of a legal conclusion, and is not the statement of a fact. Special findings, like special verdicts, must state facts, and not simply conclusions of law. *Pittsburgh, etc., R. R. Co.* v. *Spencer,* 98 Ind. 186; *City of Indianapolis* v. *Kingsbury,* 101 Ind. 200, see p. 222 (51 Am. R. 749); *Pittsburgh,*

*etc., R. W. Co.* v. *Adams*, 105 Ind. 151; *Louisville, etc., R. W. Co.* v. *Balch*, 105 Ind. 93.

We think justice will best be done by reversing the judgment, with instructions to award a *venire de novo*, and it is accordingly ordered that the judgment be reversed, with instructions to award a *venire de novo*.