Sunderland *et al. v.* Martin *et al.*

Filed Feb. 29, 1888.

No. 13,022.

SUNDERLAND ET AL. *v.* MARTIN ET AL.

HIGHWAY.— *Change of Location.* — *Improvement.* — *Injunction.* — *Estoppel.* — Where persons have, under proceedings before the board of county commissioners, secured a change in the location of a public highway upon their lands and expended money in making the new road passable for public travel, adjacent land-owners, living in the same road district, after having silently stood by until the public authorities have accepted the road as sufficient, can not, whether the proceedings under which the change was effected are valid or not, maintain a suit to enjoin the further improvement of the new road by the proper public officers by means of the road labor of the district.

Sunderland *et al. v.* Martin *et al.*

SAME.—*Obstruction.*—*Special Injury.*—*Access to Cemetery.*—In such case, the fact that the road, as it was originally maintained, afforded the plaintiffs access to a cemetery in which some of their relatives were interred, is not such special injury as authorizes them to maintain a suit to enjoin the obstruction of the old or the improvement of the new road.

From the Delaware Circuit Court.

*W. Brotherton* and *C. E. Shipley,* for appellants.

*J. R. McMahan, T. F. Rose* and *E. M. White,* for appellees.

MITCHELL, C. J.—This was a proceeding by William Sunderland, David W. Jones and others, to enjoin the township trustee of Salem township, in Delaware county, and the supervisor and others of District No. One (1), in the above named township, from obstructing or interfering with a certain public highway in the district mentioned.

The complaint alleges that certain of the defendants petitioned the board of commissioners of Delaware county for permission to change the location of the highway in question on their own lands, and that upon such petition viewers had been appointed, who reported that the change petitioned for would be of public utility. It is averred that the board of commissioners approved the report, and directed the auditor to notify the township trustee accordingly.

The complaint charges that the proceedings under which the petitioners were granted permission to change the course of the highway on their own lands were void, and, among other reasons assigned in support of the alleged invalidity of the proceedings, it is asserted that the line, direction and route of the change are not fixed by the order, and that the order of the board does not fix the width of the proposed change.

The complaint charges further, that the defendants have fenced up and obstructed the highway as it was originally laid and opened, and as it existed prior to the proposed change, under the false pretence that the road as changed has been opened and improved so as to be as passable and convenient for travellers as was the old highway. It also charges

that the township trustee has directed the road supervisor to take charge of the road as changed, and put and keep the same in repair as a part of the public highway, and that the road supervisor, with the road money in his hands, and employing the road labor of his district, was then engaged in constructing a road upon the route as changed.

The plaintiffs allege that they are property-owners and tax-payers, residing in the road district in which the road in controversy is situate, and that they have a personal and peculiar interest in maintaining the highway open upon the line on which it was laid and used prior to the alleged change. The personal and peculiar interest which the plaintiffs allege they have in the old road is, that it affords access to a public cemetery in which members of their respective families are interred.

It is apparent that the proceedings assailed were intended to conform to the provisions of sections 5046 to 5051, R. S. 1881. These sections make provision whereby the owner or owners of land may, upon due petition, obtain the permission of the board of commissioners to change the location and course of a public highway on their own lands. We need not inquire as to the procedure in such cases, nor whether a valid statutory change was effected in the present case or not. There is no pretence that the change, either directly or indirectly, affects or takes any of the lands belonging to the plaintiffs or in which they have any interest. The complaint shows that those whose lands are affected, and who petitioned the proper authorities for permission to change the highway on their lands, and who obtained permission to do so in the manner alleged, claim that they have opened the new way, and made it as convenient and passable for public travel, at their own expense, as was the old way, and it charges that the public authorities having control of the highways in that district had taken the road thus opened under their supervision before this suit was commenced.

After the land-owners had dedicated their land to the pub-

lic for use as a highway, and the public authorities had accepted it, the dedication, even assuming the proceedings to have been invalid as a statutory change, could not be revoked by a proceeding such as this. The plaintiffs have no right to complain, so far as the defendants have done nothing more than to turn out to the public certain portions of their own land for use as a public highway.

Adjoining land-owners, who choose to do so, may open and improve a highway over their own land without any petition, and, as long as they abstain from interfering with the property of others, it is their own affair.

If the land-owners whose lands are affected, and the public authorities, see fit to recognize the proceedings as valid, so far as they affect the lands of the owners, mere strangers have no right to complain; nor do we think it affords any ground for an injunction, after the land-owners have opened and improved the new road and the public authorities have accepted the same, to aver and prove that the road supervisor had called, or was about to call, out the road labor of the district in order to make further improvements on the road.

These plaintiffs, having silently stood by until the defendants had dedicated their land to the public, and expended their money in making the new road passable for public travel, have no standing in a court of equity to invoke its interference in their behalf after the public authorities have accepted the road as sufficient. *Sparling* v. *Dwenger*, 60 Ind. 72.

Courts of equity are not swift to interfere with the discretion of public officers in opening highways, and a party who seeks the aid of an extraordinary remedy to restrain the opening of a public highway must show that his property is about to be taken, or affected in a manner that will be injurious to him, without due compensation having been made. High Injunctions, sections 388, 389.

If the proceedings to change the highway are void, a question we do not examine, then the old way has not been

legally changed or abandoned, nor have the rights of the public therein been affected.

The obstruction of the old way would present the ordinary case of an unlawful obstruction of a public highway, and those who caused the obstruction would be subject to prosecution, either civilly or criminally, or both, as the case may be or as the facts might appear. So far as the rights of the appellants are affected by the obstruction of the old road, assuming it to have been unlawfully obstructed, the facts averred in the complaint do not show that they sustain or have sustained injury that is personal or peculiar to them, or different in kind from that sustained by the rest of the community. It is not a case where the obstruction deprives parties of necessary access to or egress from property. *Indiana, etc., R. W. Co.* v. *Eberle,* 110 Ind. 542; *Sohn* v. *Cambern,* 106 Ind. 302; *Powell* v. *Bunger,* 91 Ind. 64, and cases cited.

The demurrer to the complaint was properly sustained.

Judgment affirmed, with costs.

Filed Feb. 18, 1888.