ROBERT LIVINGSTON, Appellant, v. WILLIAM S. CUNNINGHAM et al., Appellees.

**HIGHWAYS:** Obstructions—Action by Private Citizen. A private citizen may not enjoin the obstruction of a public highway and recover resulting damages when his injury is not different in *kind* from that suffered by every other citizen. It is not sufficient that he may suffer in a greater *degree.* So held where the obstruction *inconvenienced* plaintiff in carrying on his business.

*Appeal from Boone District Court.*—H. E. FRY, Judge.

JANUARY 26, 1920.

ACTION by private citizen to enjoin the obstruction of a public highway. Decree dismissing plaintiff's petition. Plaintiff appeals. Opinion states the facts.—*Affirmed.*

*O. M. Brockett, F. Hollingsworth,* and *Dyer, Jordan & Dyer,* for appellant.

*Whitaker & Snell* and *F. W. Ganoe,* for appellees.

GAYNOR, J.—This action is brought in equity by the appellant, Robert Livingston, a private citizen, to enjoin the continuance of what is claimed by plaintiff to be a public

nuisance, and to recover damages for injury alleged to have been sustained by him by reason of the existence and continuance of the nuisance.

It is claimed by the plaintiff that there is a public highway, regularly established and openly and notoriously used by the general public as such, since 1876, extending in a northerly and easterly direction from the center portion of the town of Moingona, Boone County, Iowa, to the Des Moines River, and thence northerly to the city of Boone in said county, more particularly described as follows:

"Commencing at the north end of the main street of the town or village of Moingona, and runs north across the tracks and right of way of the Chicago & Northwestern Railway Company about two hundred fifty feet west of the depot of said Chicago & Northwestern Railway Company in the said town or village of Moingona, and then extends north about one hundred fifty feet from the tracks of said Chicago & Northwestern Railway Company, thence west and north and northeast, reaching the Des Moines River in a distance of about a quarter of a mile."

It is further claimed that the defendant disputes the existence of said highway, and is asserting some right to the possession thereof against the public, and is attempting to and is excluding the public therefrom, by the erection of fences over and across said highway, and is forcibly attempting to maintain such fences against public travel on said highway.

The plaintiff claims that he, as a resident and citizen of the county, has suffered special injury by the act of the defendant. The injury which he says he will sustain by the obstruction is stated in this way: That plaintiff has been continuously engaged in the business of harvesting and storing and selling ice in the town of Moingona for the last six years; that the ice so harvested and stored is obtained from the Des Moines River,

and that the only convenient access to the river is over this road; that, in the prosecution of said business, it is necessary for him to harvest his supply of ice from said river, and that he is required to transport the same from said river by teams and trucks over this highway; that the distance of the haul is about 40 rods; that, if he is deprived of this, the next nearest route accessible is a public highway to the river, about 4 miles long, and the nearest route over which he might possibly reach said river, as a licensee, is by a private way, about 2 miles. Plaintiff says that he is conducting an ice cream parlor in said town, in which ice cream, lunches, soft drinks, etc., are supplied to customers; that the patrons of his business come by travel past plaintiff's place of business over the highway in dispute above described; that, if defendant is permitted to continue to maintain said fences across said highway, as he threatens to do, and obstruct public travel thereon, and to impede plaintiff's right to passage over the same for the purpose of his business, he will be greatly damaged. His prayer is:

(1) That an easement in favor of the public to the unobstructed use and enjoyment of said highway be quieted as against all adverse claims of the defendant.

(2) That the defendant be ordered, within a suitable time, to remove his fences.

(3) That the defendant be forever enjoined from obstructing said highway by means of fences or otherwise.

(4) That the court ascertain and award to the plaintiff the amount of damages sustained by him by reason of the conduct of the defendant complained of.

Thereafter, F. W. Ganoe, county attorney of Boone County, for and in behalf of the state of Iowa and county of Boone and the public generally, filed a petition of intervention, alleging substantially the same facts alleged by the plaintiff, and praying for the same relief, except as to damages.

The defendant filed answer to the petition and cross-petition, denying the existence of the highway as alleged, and alleging that he (the plaintiff) has not suffered any special damages or any damage other or different than the public suffers or sustains by reason of the closing of the highway, and says further that, if there was ever any legally established highway or easement in the public to use the land in question as a highway across defendant's premises, the same has been abandoned for over 25 years, and that the public officials have never recognized a road or highway at the point claimed. He further says that he and his grantors have been in the continuous, open, and adverse possession of the strip of ground, claimed now as a highway, for more than ten years; that the same is a part of defendant's farm, and plaintiff has paid taxes on the same.

The cause is triable *de novo* here, and the plaintiff must rest his case on the rights asserted by him in his petition, and on the evidence tending to support the same.

Plaintiff is a private citizen. If plaintiff's contention is true, the highway in question is a public highway. As to the highway itself and as to its use, the plaintiff stands simply as one of the public, and his right to use it depends upon its existence as a public highway. However, at the threshold of this investigation, we are met with the proposition that plaintiff, as a private citizen, cannot maintain this action for and in behalf of the public, and he has not shown that he has suffered any injury different in kind and degree from that suffered by the public generally. The public has had its day in court and has acquiesced in the decision of the district court against it. It is not here complaining of that decision. The plaintiff, therefore, to maintain this action for himself, must show special injury. It is not sufficient that the injury is greater in degree than that suffered by the public. It must appear that the kind of injury sustained is different from that suffered by the general public.

It will be noted that plaintiff lives in the city of Moin-
gona; that he is engaged in business there. It is not shown
that the obstruction of this highway in any way affects in-
gress or egress to his place of business, or to any lands
owned by him. He bottoms his claim entirely upon the
thought that this road, if kept open, will furnish a more
convenient route for him to reach the river and secure ice
reasonably necessary to the carrying on of his business.
That he can reach the river by other routes open to travel,
is not disputed. It is the matter of convenience to him that
is the gravamen of his complaint. It is not shown that the
plaintiff owns any property to which this road affords ac-
cess. It is not shown that access to any property owned by
the plaintiff will be affected by the closing of this road. He
has no vested interest in the ice in the Des Moines River.
His right to use the ice is a right common to the general
public. It is a right that any property owner in the vicinity
of the river may assert, with as much assurance of recogni-
tion as the plaintiff.

While there are many questions raised in this case, it
is disposed of here upon this question, to wit: Plaintiff has
failed to show that he has suffered any injury different in
kind from that suffered by the general public. The rule gen-
erally recognized is that, where the injury complained of is
a public injury, and the right violated is a public right, an
individual cannot maintain a suit for an injunction unless
he suffers a special injury, different in kind from that suf-
fered by the public at large; and the reason for this rule
is that, if individuals are permitted to maintain suits for
injunctional relief, without having an interest in the sub-
ject-matter of the injunction different in kind from that suf-
fered by the public, innumerable suits, involving great ex-
pense and annoyance, might be instituted, and in such case a
decree in favor of or against one individual would not pre-
clude another. If plaintiff is permitted to maintain this ac-

tion, it follows that any party in the vicinity of this river who desired to use ice from the river, in a private business and for private gain, could compel the public to maintain a road for his private use in his private business. And this on the ground alone that the road sought to be kept open was more convenient for his use in his business, and in securing this kind of property for use in his business, than another road open to his use.

The record discloses that there is a new road open to the river that reaches this town in which plaintiff is carrying on his business; that this road carries directly to the same river from which plaintiff desires to procure ice over the road in question. It is true the distance is a little longer. It is a little more inconvenient, but the closing of this road does not deprive him of access to the river. It only makes it a little more inconvenient for him to reach the river and the ice to be harvested therefrom. This is not sufficient to sustain him in bringing this action as a citizen. The injury is only different in degree, and not in kind, from that suffered by the general public. Plaintiff testifies:

"I conduct a soft drink business, and sell ice cream, candies, and cigars all the year round. There are others that sell soft drinks in town, but not ice cream. If the road is closed, it will put me out of the ice business, and I will have no chance to cool my drinks, and it would be impossible to haul my ice the distance necessary. It would affect my business by keeping away people wanting soft drinks and ice cream who are in picnic and outing parties going to the river. [These statements are but conclusions, not supported by the facts.] I have been in the business there about two years. My family owns another tract of land going to the river. I couldn't haul ice by going through that land, because of a road up across the hill, and there is a creek; but I did cut ice there last winter and could get through."

There is no evidence that plaintiff's egress or ingress is interfered with. This is all the evidence tending to show special interest of the plaintiff in the subject-matter of this road.

It appears that there is no highway over the river at the point where it is claimed that this highway goes to the river. There is one bridge about a mile and a half north on the Lincoln highway. There is another about four miles south. Both of these lead from the river into the town of Moingona.

As said before, the public, represented by the county attorney in the cross-petition, has been defeated on the ground that the road had been abandoned. No appeal was taken by the cross-petitioners. It follows that the plaintiff must recover, if at all, upon the allegations of his own petition. It is immaterial whether there was a public highway or not at the point claimed, it is immaterial whether or not the defendant is obstructing the highway, if the plaintiff has not shown a right to maintain this action against the defendant for the obstruction. It is well settled that a citizen cannot maintain an action in his own right without showing a distinct right in him to bring the action. It is the right to maintain the action as a private citizen that meets him at the threshold of this controversy. This question has been frequently before this court. In *Bryan v. Petty*, 162 Iowa 62, it is said:

"We are confronted at the outset, however, with the contention of the defendant that the plaintiff cannot maintain this action because he has no other or different interest in the maintenance of the same than as one of the general public; that no private right or special interest of property of his is affected by the obstruction complained of. It has frequently been held that an abutting landowner may maintain such an action where the obstruction interferes with the free and convenient use of his abutting property.

The right of the abutting landowner in such a case is a special one, and he is entitled to maintain a civil suit for its protection [citing authority]. We have also held that, if an obstruction to a highway is such as to interfere with the free access to plaintiff's property, or is such as cuts off his place of business from the free course of trade, he may maintain an action for the protection of his special right, even though he is not an abutting owner [citing authority]. The usual showing   *   *   *   is that the value of complainant's property and property rights is diminished by the alleged obstruction. On the other hand, we have held that one cannot enjoin the obstruction of a public highway where he suffers only such inconvenience or injury as is the *same in kind* with that of the general public, although it may be greater in degree as to the complainant [citing authorities]."

In *Bradford v. Fultz,* 167 Iowa 686, 701, we said:  •

"In the case before us, the obstruction complained of is not such as to prevent the free access of the plaintiff to his property. There was no attempt to show that any property or property right of plaintiff was affected or diminished in value. The obstruction of the highway only compelled plaintiff, like other travelers, to pass over the new road, instead of the old. The one complaint is that the new road is not as good as the old, and can never be made as good. It is much more hilly than the old road."

It was held that this, without more, did not entitle the plaintiff to maintain the action.

In the case at bar, there is no evidence that plaintiff's property or its use was depreciated in value by reason of the obstruction of the road in question. We see nothing in the complaint that is not applicable to all citizens in the town engaged in like or similar business with the plaintiff, who may desire to use ice at some time from this river in their business or in their homes.

We think the plaintiff has not shown a right to main-tain this action.  As supporting our conclusions, see *Atwood v. Partree*, 56 Conn. 80 (14 Atl. 85), in which it is said:

"But the injury here described cannot be called in any sense special or peculiar, or be said to differ at all in character from that which every member of the public experienced who had occasion to travel this road.  The right which every man exercises who travels the highway for high-way purposes is a public right.  It is common to all; and, although the business of one man may be far more urgent than that of another, his time may be far more valuable, and, consequently, far more injury may result to him from a delay on the road occasioned by obstructions to public travel, still, the character of the injury would seem to be the same in both cases, differing only in degree."

This expresses the general rule, and the rule applicable to the case before us.  See, also, *Sohn v. Cambern*, 106 Ind. 302 (6 N. E. 813), in which this language is used:

"The utmost that can be said of the facts stated in the special finding is that they show that the appellee's route to her market town is interfered with by the obstruction placed in the highway; and this is not sufficient to entitle her to maintain this action.  The interference with the way leading to a market town is not such a special injury as will entitle an individual citizen to maintain a private ac-tion against one who obstructs a public highway."

See *Sunderland v. Martin*, 113 Ind. 411 (15 N. E. 689). In this case it was claimed by the plaintiff that the obstruc-tion to the road interfered with the access to a cemetery in which his dead were buried.  The court said:

"So far as the rights of the appellants are affected by the obstruction of the old road, assuming it to have been un-lawfully obstructed, the facts averred in the complaint do not show that they sustain or have sustained injury that is

personal or peculiar to them, or different in kind from that sustained by the rest of the community. It is not a case where the obstruction deprives parties of necessary access to or egress from property."

See *Dantzer v. Indianapolis Union R. Co.*, 141 Ind. 604 (39 N. E. 223), an action to recover damages by reason of buildings erected so near to plaintiff's premises as to cut off certain approaches thereto, in which it was said, quoting from *Indiana, B. & W. R. Co. v. Eberle*, 110 Ind. 542:

"His injury and damage, while different in degree, are the same in kind as are those of the community at large. * * * All that is found is that the obstruction forces the travel over the highway nearer his lot, and makes access thereto more difficult and inconvenient. That, however, does not show that the erection of the embankment presents any substantial interference with his right of access over the highway as it was previously enjoyed and used, nor does it show any inconvenience of a kind different from that to which the community at large is subjected. The highway may be more difficult and inconvenient of passage at that point by all who use it, precisely as it is inconvenient as a means of access to the plaintiff's lot. * * * Mere inconvenience or disadvantage, so long as the obstruction complained of does not in some substantial degree impair or deprive the plaintiff of the usual and ordinary means of access to his property, cannot give a right of action."

We need not multiply authorities upon this point. The record in this case fails to show that the plaintiff has sustained damages different in kind from that suffered by every citizen in the town of plaintiff's residence who may desire to reach this river for any purpose. Upon this ground, the judgment of the court dismissing plaintiff's petition must be and is—*Affirmed.*

WEAVER, C. J., LADD, EVANS, and STEVENS, JJ., concur.