L. W. RIDER, Appellee, v. H. R. NARIGON et al., Appellants.

**EASEMENTS:** Protection of Easement—Loss of Right. One who bases his attempt to enjoin interference with a public or private easement in a strip of land solely on the ground of his ownership of the abutting land loses such right by an unconditional conveyance of the abutting land.

Headnote 1: 29 C. J. p. 628.

*Appeal from Adams District Court.*—A. R. MAXWELL, Judge.

OCTOBER 18, 1927.

Suit to enjoin trespass, and cross-petition to enjoin plaintiff's interference with defendants' use of the strip of land in controversy, for passage. Decree for plaintiff. Defendants appeal.—*Dismissed.*

*Fackler & Vralsted,* for appellants.

*Lee R. Watts,* for appellee.

MORLING, J.—Plaintiff's claim is that he is the owner of a strip of land 33 feet wide, leading from his premises alongside of defendants' premises, to the highway. The defendants do not dispute plaintiff's ownership, but claim an easement for passage, as appurtenant to their land. They claim, also, that the strip is a public highway. Since defendants took their appeal, they have made an unqualified conveyance of their land. Their grantee says that he has no interest in the action, and does not want it prosecuted in his behalf. Plaintiff, therefore, moves to dismiss. The only interest in the strip different from that of the public generally claimed by defendants is that resulting from their ownership of the adjoining land. Having parted with that ownership, they no longer have any right to enjoin interference with the strip as a public highway. *Bradford v. Fultz,* 167 Iowa 686; *Livingston v. Cunningham,* 188 Iowa 254. They have parted with all their right to the land to which the supposed easement was appurtenant, and therefore have no interest in the easement, if any. The only interest of the defendants in the continued prosecution of the action is that resulting from the judgment against them for costs. The court will not entertain an appeal merely for the purpose of determining who shall pay the costs. *Faucher v. Grass,* 60 Iowa 505.— *Dismissed.*

EVANS, C. J., and DE GRAFF, ALBERT, and WAGNER, JJ., concur.