TATE
v.
THE OHIO
AND MISSIS-
SIPPI RAIL-
ROAD CO.

DAVISON, J., was absent.

*Per Curiam.*—The judgment is affirmed, with 5 per
cent. damages and costs.

*J. Ryman,* for the appellants.

--------·-•••--------

TATE *v.* THE OHIO AND MISSISSIPPI RAILROAD COM-
PANY.

| 7 | 479 |
|---|---|
| 141 | 608 |
| 7 | 479 |
| 155 | 24 |
| 7 | 479 |
| 163 | 278 |

A city ordinance authorized the construction of a railroad on either of two
streets, through the corporate limits, under suitable restrictions as to grade,
&c., to be regulated thereafter.

*Held*, that the ordinance authorized the railroad company (so far as the city
had power to do so) to run the road along the street, but not to obstruct
the street to the injury of adjoining proprietors.

*Held*, also, that the road was to be constructed on the grade of the street sub-
stantially as it then existed, unless an alteration was made (if the city had
the power to make it) by a proper municipal regulation.

The proper authorities of a city may authorize the construction of a railroad
track on a street, at the grade of such street.

Besides the right of way which the public have in a street, there is a private
right which passes to a purchaser of a lot upon the street, as appurtenant

May Term,
1856.

TATE
v.
THE OHIO
AND MISSIS-
SIPPI RAIL-
ROAD CO.

Thursday,
May 29.

to it, which he holds by an implied covenant that the street in front of his lot shall forever be kept open for his enjoyment; and for any obstruction thereof, to the owner's injury, he may maintain an action.

The right which the owner of a lot has to the enjoyment of an adjoining street, is part of his property, and can only be taken for public use, on just compensation being made, pursuant to the constitution.

APPEAL from the *Dearborn* Circuit Court.

STUART, J.— *Tate* sued the railroad company for injury to his property by the construction of her road along *William* street in the city of *Lawrenceburgh*, on which his lots (describing them) front. The company answered as follows. The first paragraph denies the matters alleged in the complaint. The second and third paragraphs set up the act of incorporation, and a resolution of the city authorities authorizing the construction along *William* street, &c., and that in constructing the road no unnecessary injury was done to the plaintiff or the street, sufficient room for the passage of teams being still left on each side of the embankment. Jury trial, and verdict for the defendants. Motion for a new trial overruled, and judgment.

The evidence is all made part of the record.

It appears that *William* street had been laid out and used as a public highway for some twenty-five years; that *Tate* had owned lots fronting thereon, and on which he resided fifteen years; that the railroad embankment along the center of the street was four and a half feet high, with steep sides, preventing ingress and egress to the lots across it. It further appeared that *William* street had been graded and graveled, and the side-walks curbed and improved, at the expense of the owners of the lots abutting on the street; that the railroad bank and road were constructed in 1853, since which time the street can not be crossed as before with vehicles of any description; and that by reason of the obstruction in the street, the rent of *Tate's* premises had been reduced 25 dollars a year. The fill and incidental expense necessary to make *William* street again passable, was estimated at 350 dollars; and yet that the value of the plaintiff's property would still be depreciated in consequence of the construction of the railroad along

May Term,
1856.

TATE
v.
THE OHIO
AND MISSIS-
SIPPI RAIL-
ROAD CO.

the street. It was also in evidence that *Tate* had notified the railroad company of his intention to claim damages, in case the road was constructed along *William* street.

The evidence for the defence, and the rebutting evidence, do not materially vary the result as above condensed. A section of the plat of the city, exhibited in the record, embracing the premises in question, shows, as does also the evidence, that *Tate* had improved his lots; that besides his two story brick dwelling, there are other valuable improvements. The jury, escorted by a proper officer, examined the premises in person; as is specially authorized both in civil and criminal cases. 2 R. S. 112.—*Id.* 382.

The plaintiff does not claim that any part of his lots was appropriated or directly affected by reason of the construction of the road. The complaint goes only to the obstruction of his easement in the street, and the consequent damages.

The city ordinance, which, it is claimed, allows the railroad company to construct the track along one or other of two specified streets, runs in substance thus: That the railroad company may locate and construct the road either on *New* street, or *William* street, through the corporate limits, under suitable restrictions as to grade, &c., to be regulated thereafter; thus authorizing the company to *run the road along* the street, so far as the city had power to do so. But it could not be taken as authority to *obstruct* the street. Nor does the record disclose that any regulations were ever made as to the grade on which the road should be built along *William* street, or at the crossings of other streets and alleys at right angles thereto.

Admitting, then, for the present, the right of the company, under their charter and in virtue of this ordinance, to lay their track and run their cars along *William* street, at what grade was this to be done? Clearly at the grade of the street substantially as it then existed. If the company wished to depart from that grade, they should have shown a proper municipal regulation to that effect. The ordinance given in evidence, does not authorize any such departure; nay, it expressly contemplates further action on

May Term,
1856.

TATE
v.
THE OHIO
AND MISSIS-
SIPPI RAIL-
ROAD CO.

the part of the city authorities on that subject. It is, therefore, very clear that the railroad company have shown no license from the city to elevate their superstructure on an embankment four to four and a half feet above the grade of *William* street.

We think it further clear from the evidence, that the railroad company could have constructed their track at its present elevation, on the center of the street, either with a stone wall on each side, or on tressel work, with less obstruction to the public easement than the earth embankment is.

But in what is said about a license from the city, or the manner of construction along the street, we would not be understood to decide anything as to the power of the city to grant such a license, or to change the grade of *William* street. In the case at bar, that question is not before us. We leave it to be determined on its own merits, when fairly presented in the record. All we need say here is, that it does not appear the city ever licensed the railroad company to erect the embankment in question.

Nor is it intended to intimate that it is not in the power of the city to authorize the railroad company to lay a track at the grade of *William* street, and thus use it for the passage of their cars, in common with other public and private conveyances. To that extent the municipal authority may be conceded. *Hamilton* v. *The Harlem Railroad Co.*, 9 Paige 171. And though the contiguous property might be depreciated, and ingress and egress at times difficult, yet the owners would not, as in the case at bar, be excluded entirely. For a great part of the time the use of the street would be as free, and the adjoining lots as accessible, as though the railroad were not there. In that case a train of cars would not differ materially in principle from a train of moving wagons. For such incidental injury, there could be no redress, either public or private, unless, indeed, the cars in the one case, or the wagons in the other, delayed unreasonably in passing, to the incumbrance of the street.

But here is an unauthorized earth embankment, four

May Term,
1856.

TATE
v.
THE OHIO
AND MISSIS-
SIPPI RAIL-
ROAD CO.

and a half feet high, in front of *Tate's* lots, wholly obstructing *William* street for every purpose of a highway. It virtually excludes the adjoining owners.

The structure is, therefore, an unauthorized obstruction of a public highway; *Conner* v. *New Albany*, 1 Blackf. 43; destructive of the plaintiff's easement therein; and in this view of the case, the only remaining question is, has he any claim for private redress against the company?

The case of *Haynes* v. *Thomas*, *ante*, p. 38, is directly in point. That case, as to the question now presented, received great consideration, and the following is the conclusion at which we arrived. "The right to use a street in a town adjoining a lot abutting upon it, is as much property as the lot itself; and the legislature has as little power to use the one as the other. Attempts have frequently been made, by legislative enactment, to divert public property from the objects to which it had been dedicated, and as often have such acts been held invalid, when they have been found to infringe upon private rights. (See the authorities there cited.) These decisions establish the principle, that besides the right of way which the public have in a street, there is a private right which passes to the purchaser of a lot upon the street as appurtenant to it, which he holds by implied covenant that the street in front of his lot shall forever be kept open to its full width." It was accordingly held in *Haynes* v. *Thomas*, that the owner of the lot was entitled to damages for the obstruction; but that as no special injury was alleged or shown, the damages could be merely nominal.

This case, upon careful review, we fully approve. It determines the case at bar. A street which had been dedicated twenty-five years, in front of *Tate's* lots, owned, occupied and improved by him for fifteen years, is obstructed by the railroad embankment four and a half feet high. He alleges and proves special damages. In such a case the owner of the lots is entitled to recover for the obstruction of his easement in the street. That it was caused by the owner of the town plat, in the case decided last term, and here by the railroad company, can clearly

May Term,
1856.

TATE
v.
THE OHIO
AND MISSIS-
SIPPI RAIL-
ROAD CO.

make no difference. The ground of recovery is the injury to the owner of the lots; it is immaterial by whom the obstruction causing that injury is erected, or for what purpose it was erected. The person, whether natural or artificial, causing the obstruction, is liable to the owners of the adjoining lots for the injury.

It is thus carefully limited to those owning lots fronting on the street at the point of obstruction. That is the case made in the record. Such owners only seem to sustain special injury. To them alone, perhaps, would the implied covenants extend. It is true all the citizens of *Lawrenceburgh* have an easement in *William* street. In this light the obstruction in question may be a public wrong. Yet it is not every owner of a lot in that city who can sustain an action against the railroad company for the obstruction in question. So far as it is a wrong to the public, it is in the nature of a public nuisance, to be redressed in a different way.

It is not necessary to examine the instructions *seriatim.* The views above indicated have already disposed of them. So far as they conveyed the impression that the railroad company had any power to obstruct *William* street, in the manner alleged, to the injury of the prior private rights of *Tate*, they were clearly erroneous. We can not doubt but that they misled the jury.

We are well aware that there are cases in the books seemingly in conflict with this conclusion; but we think that both upon principle and the weight of authority, we are right.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*P. L. Spooner*, for the appellant.

*T. Gazlay* and *J. Ryman*, for the appellees.