Dwenger *v.* Chicago and Grand Trunk Railway Company.

Filed Oct. 30, 1884.

---

No. 11,666.

DWENGER *v.* CHICAGO AND GRAND TRUNK RAILWAY COMPANY.

RAILROAD.—*Streets.—Abutting Lot Owner.—License of City.—Easement.*—No right of action accrues to an abutting lot owner against a railroad company for operating its railroad in the street in the usual way, by leave of the city, where the injury is only such as the general public sustains.

SAME.—*Answer.*—Complaint by the owner of a lot having buildings thereon, used for worship and a school, alleging the use of the street adjoining by a railroad company for its track and running cars thereon, whereby worship was interrupted and children attending the school imperiled, and the street obstructed, etc. Answer, that the railroad was operated in the usual way necessary for such business; that the railroad is nine feet wide, and none of it upon the plaintiff's premises, being beyond the center of the street, and was constructed by leave of the city and in manner as required by an ordinance; that the street is sixty-six feet wide and is not obstructed save as the running of cars carefully and as is usual may temporarily have that effect as to its general use.

*Held*, that the answer was good.

From the St. Joseph Circuit Court.

*A. Anderson* and *L. Hubbard*, for appellant.

*T. S. Stanfield* and *W. G. George,* for appellee.

BICKNELL, C. C.—The plaintiff demanded $7,000 as damages for the alleged obstruction of an easement. His complaint alleged that Division street was laid out on the plat of the Bank of Indiana's addition to South Bend, as forty-nine and one-half feet wide along the front of lot No. 70; that in 1871, the plaintiff became the owner in fee simple of a part of lot No. 70, known as lots 4 and 5, in E. Sorin's subdivision of lot No. 70, abutting on the south side of said street for the distance of sixteen rods; that in 1865, said

street was made sixty-six feet wide; that on said lots 4 and 5 a church, a school-house and a dwelling-house were built; that the dedication of the street and all of said improvements were made long before the existence of any railway; that for fifteen years said church has been used continuously for public worship and for funeral and marriage ceremonies; that many children have continuously attended said school, and that said dwelling-house has been continuously occupied; that in 1872 a railroad track was made in the center of Division street, so that half of the ties and one rail were south of the center thereof, and said track has ever since been used for the passage of steam cars and as railroads are ordinarily used; that said railroad was so constructed and has been so used without right by purchase, condemnation or otherwise; that the defendant for seven years has been operating said road, without right to the use of the street opposite plaintiff's said land, and that said railroad was previously operated by another corporation, to all of whose rights and liabilities the defendant has succeeded; that trains of cars with freight and passengers are and have been drawn along said road at great speed, which, by their noise and jarring, have disturbed said public worship and have interrupted said funeral and marriage ceremonies, and have also endangered the lives and limbs of the church worshipers and school children, and have obstructed the exit and entrance of said street and prevented it from being safely used with horses; that by such trains smoke and cinders and dust are raised and dangerous sparks of fire emitted; that said rails and ties obstruct the use of the street by vehicles; that stock trains send offensive odors upon the plaintiff's premises; that all of these grievances have existed ever since the construction of said railroad, obstructing the plaintiff's easement in said street, and materially damaging the rental and market value of his said property. Wherefore, etc.

The defendant answered by a general denial and three special defences.

Demurrers to the special defences were overruled, and, the plaintiff declining to reply, judgment was rendered for the defendant.

The plaintiff appealed. The only error, relied on for the reversal of the judgment, is the overruling of the demurrer to the second paragraph of the answer. That paragraph is as follows: It admits the laying out of Division street and the location of lot 70, and that in 1865 a church was built thereon, but alleges that the school-house and the dwelling-house were built after the construction of railroad. It admits the making of the railroad on Division street, but denies that it was laid in the center of the street as it was originally, and avers that in 1869 the city of South Bend widened the street by adding thereto sixteen and one-half feet on the north side, and that the railroad was placed in the center of the street thus widened; that its track is nine feet wide, and that none of it is on the south half of the street, and that the plaintiff has no title to any of the ground occupied by it. It admits that the defendant has succeeded to the rights of the Peninsular Railroad Company, which built the road, and avers that the defendant has operated the same since April 6th, 1880, but not without right. It avers that the city of South Bend, by an ordinance passed March 2d, 1868, authorized the said Peninsular Railroad Company to build a track in said Division street in front of said lot 70, and that said road was built in pursuance of said ordinance, a copy of which is made an exhibit; that its track was laid so as to cause no obstruction to the use of Division street, and that everything was done which said ordinance required to be done, as well by the said Peninsular Railroad Company as by the defendant since it obtained the road, and that the road has been operated in a careful manner, and as railroads are usually operated; that on April 17th, 1881, the right was acquired, by condemnation from the owners of the land on which said track is located, to build and maintain the track and to operate trains thereon, and that the defend-

ant and its predecessor have run said track daily for eight years, the plaintiff making no objection thereto until about three months before the commencement of this suit, and that defendant has expended $25,000 on its said track in new ties and steel rails and other improvements, with the knowledge of the plaintiff and without any objection by him.   The paragraph denies that entrance upon and exit from the plaintiff's property has been obstructed, except as the same may be temporarily obstructed by passing trains, operated in the usual, ordinary, systematic and necessary conduct of the defendant's business.   It denies that plaintiff has any easement in that part of the street occupied by said railroad track, except what is held and enjoyed by all other citizens, and it alleges that if he has any special easement by reason of the location of his property, no damage has been done thereto, and that neither the rental value nor the market value of said premises has been diminished by any act or omission of the defendant, except in pursuance of the authority hereinbefore set forth, and in the ordinary and usual management of its railroad as hereinbefore stated.

One who sustains an injury in common with the public, by the obstruction of a highway, can not maintain a private action therefor, but such an action may be maintained for a special injury, different in character from that sustained by the public.   *Cummins* v. *City of Seymour*, 79 Ind. 491; *McCowan* v. *Whitesides*, 31 Ind. 235; *Ross* v. *Thompson*, 78 Ind. 90.   The foregoing are the general rules, but the answer under consideration presents special matters.   It avers that the railroad is not on the plaintiff's land, but is north of the line to which the plaintiff's ownership of the fee originally extended and now extends, and that the railroad was built and is operated by authority of and in accordance with an ordinance of the city of South Bend, upon land properly condemned, for that purpose, and that the plaintiff has sustained no injury thereby, different from that sustained by other citizens, except such as are the natural and necessary

consequences of the proper and legitimate operation of the defendant's road.

The power of municipal corporations over streets embraces many other uses than those of ordinary travel on public highways. *Cummins* v. *City of Seymour, supra.* And this court has said: "So far as the highway, street, or easement is concerned, as the municipality has complete control thereof, it may, we presume, make or authorize any use of the street which will not essentially change and divert it from its intended use as a public highway." *Cox* v. *Louisville, etc., R. R. Co.*, 48 Ind. 178. So, in *Indianapolis, etc., R. R. Co.* v. *State, ex rel.*, 37 Ind. 489, this court said of the common council of a city: "They may, it is true, grant an easement in the street to a railroad company to use the street in common with the public'; but they could not make a grant authorizing a railroad company to obstruct or to appropriate to her sole use any public street."

In *Tate* v. *Ohio, etc., R. R. Co.*, 7 Ind. 479, STUART, J., delivering the opinion of this court, said: "Nor is it intended to intimate that it is not in the power of a city to authorize the railroad company to lay a track at the grade of William street, and thus use it for the passage of their cars, in common with other public and private conveyances. To that extent the municipal authority may be conceded. * * And though the contiguous property might be depreciated, and ingress and egress at times difficult, yet the owners would not, as in the case at bar, be excluded entirely. For a great part of the time the use of the street would be as free, and the adjoining lots as accessible, as though the railroad were not there. In that case a train of cars would not differ materially in principle from a train of moving wagons. For such incidental injury, there could be no redress, either public or private, unless, indeed, the cars in the one case, or the wagons in the other, delayed unreasonably in passing, to the incumbrance of the street."

The foregoing statements of the law are in accordance with authority elsewhere. *Hamilton* v. *New York, etc., R. R. Co.*,

9 Paige, 171 ; *Hatch* v. *Vermont Central R. R. Co.*, 25 Vt. 49 ; *Milburn* v. *City of Cedar Rapids,* 12 Iowa, 246. And many other decisions might be cited to the effect that the laying out and operating of a railway upon a street is not necessarily an unreasonable obstruction of its free use, but rather a new and improved method of using the same germane to its principal object, and that for such consequences thereof as appear in this case, there is no remedy public or private.

The answer being sufficient, the judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellant.

Filed Oct. 31, 1884.