## THE CITY OF EAST ST. LOUIS

*v.*

## JAMES O'FLYNN.

*Filed at Mt. Vernon January 25, 1887.*

1. EMINENT DOMAIN—*taking or damaging private property—vacating street, as respects property not abutting thereon.* The vacating of a public street not adjoining or contiguous to a particular lot, which does not deprive the owner of access to or egress from such lot, can in no sense be construed as either taking or damaging private property for public use, within the meaning of those terms in the constitution. Nor will the grant of the use of the ground over which the street was laid, to a railway company, for the use of its road, render the city liable for damages to the owner of such lot.

2. ACTION—*whether a private action will lie for an injury of a public nature.* For an injury to or an obstruction of a public and common right,

no private action will lie for damages of the same kind as those sustained by the general public, although the private injury be much greater in degree.

3. So a lot owner in a city can not maintain an action against the city for the vacation of a portion of a public street not bordering upon his lot, and not necessary to afford him access thereto. The damage, in such case, to his lot, though in a greater degree, is of the same nature as that to all other property in the city.

4. SAME—*liability of a city for acts of railway company operating its road within the corporate limits.* Where a railway company is authorized by ordinance to build its road within a part of a street which is thereby legally vacated, the city can not be held liable to a lot owner whose property is not adjacent to the vacated street, for any act done by the company not authorized by such ordinance.

5. PRACTICE—*directing what the verdict shall be.* Where, under the undisputed facts of a case, the plaintiff can not recover, the court should, on motion of the defendant, exclude all the evidence, and instruct the jury to find for him.

APPEAL from the Appellate Court for the Fourth District;— heard in that court on appeal from the City Court of East St. Louis; the Hon. WILLIAM P. LAUNTZ, Judge, presiding.

Mr. GEORGE POLLARD, and Mr. GEORGE F. O'MELVENY, for the appellant:

The claim of appellee for a recovery, is based, first, upon chapter 146, (Starr & Curtis' Stat. 2446,) which provides, that· "when property is damaged by the vacating or closing of any street or alley, the same shall be ascertained and paid as provided by law;" and second, upon the constitutional provision that "private property shall not be taken or damaged for public use without just compensation."

The damage provided for in the statute above referred to, is limited to the owners of lots fronting on that portion of the street or alley vacated. *Littler* v. *Lincoln*, 106 Ill. 353; *Chicago* v. *Union Building Association*, 102 id. 379.

In no case has this court gone further than to hold that a lot owner is entitled to recover for injuries caused to his property by the obstruction of an adjacent street, by which direct

access to his premises has been cut off or obstructed. Such was the case of *Rigney* v. *Chicago*, 102 Ill. 64, *Railroad Co.* v. *Ayers*, 106 id. 511, *Provision Co.* v. *Chicago*, 111 id. 651, and *Chicago* v. *McDonough*, 112 id. 85. In all of these cases the plaintiff was obstructed in the approach to his lot from the adjacent streets,—that is, the street upon which his lot fronted, or the next cross-streets. If Church street, in this case, had been vacated, the access to plaintiff's lot from that direction would have been cut off, and the doctrine of the above cases would apply.

Mr. J. M. Freels, and Mr. L. H. Hite, for the appellee:

Property is not limited to the tangible subject matter of it, but includes the right of user and enjoyment of it; and when the impairment or destruction of such right damages the owner in excess of that sustained by the general public by the construction and use of a public improvement, the law gives him an action for such injury. *Rigney* v. *Chicago*, 102 Ill. 64.

The earlier cases, which seemed to hold that it was essential to the right of action to prove some direct physical injury to the subject of the property itself, are no longer held as stating the true rule, as they are said, in *Railroad Co.* v. *Ayers*, 106 Ill. 511, to be overruled by *Rigney's case, supra,* and subsequent ones. See, also, *Provision Co.* v. *Chicago*, 111 Ill. 651, and *Chicago* v. *McDonough*, 112 id. 85.

The damage complained of, and proved, and for which the recovery was had in this case, is a damage special and peculiar to the plaintiff,—a damage which he has suffered to his property different from and in addition to that sustained by others and the general public,—and for this the law gives redress. *Rigney* v. *City of Chicago*, 102 Ill. 78; *Stack* v. *City of East St. Louis*, 85 id. 377; *City of Pekin* v. *Brereton*, 67 id. 477; *Railroad Co.* v. *Ayers*, 106 id. 511.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

This action was brought in the city court of East St. Louis, by James O'Flynn, against the city of East St. Louis, to recover damages alleged to have been occasioned to a lot of ground owned by him, by the wrongful conduct of defendant. It is recited in the declaration, defendant is an incorporated city, and had exclusive control of certain streets within the corporation limits, viz., Trendly street, Church street, and Pratt street, running at right angles with the Mississippi river on the eastern bank, and from thence eastward to the old bed of the river, near the mouth of Cahokia creek, and also Front, Second, Third and Fourth streets, running parallel with the river and with each other, and also all alleys lying within the district bounded by the streets named; and the duty of defendant to keep such streets and alleys open, clear of obstructions, and in good repair, for the use of the inhabitants of the city and adjacent owners, is then averred in the usual ample form. It is further set forth, that plaintiff is the owner and was in possession of lot 9, in block 28, of the Ferry division, fronting west on Third street, and east on a thirty-foot alley, on which there is a frame dwelling house, with out-buildings and other valuable improvements, and, by way of a breach of duty on the part of defendant, it is then averred the city, by an ordinance entitled "An ordinance vacating certain streets and alleys lying between Front street and Fourth street, seventy feet northwardly therefrom, and Church street, in Ferry division," authorized the Cairo and St. Louis Railroad Company to take possession of all that portion of said streets and alleys lying between Front and Fourth streets and a line parallel with Trendly street, and seventy feet northwardly therefrom, and the entire length of Church street, and permitted the railroad company to make a certain use of the land lying within or bounded by the streets named, all of which alleged wrongful acts, it is averred, injuriously affect plaintiff's property.

Section 3 of the ordinance referred to in the declaration, and given in evidence by plaintiff, is as follows: "That all streets and alleys lying between Front and Fourth streets, and between a line running parallel with Trendly street seventy (70) feet northwardly therefrom, and Church street, of said Ferry division, be and the same is hereby absolutely vacated." The other sections of the ordinance prescribe the terms and conditions upon which the railroad company may occupy and improve the lands adjacent to the streets and alleys vacated, and including, of course, the streets and alleys; but in the view it is thought should be taken of the case, it will not be necessary to state their contents in detail.

Only the general issue was pleaded by defendant, and on the trial of the cause the jury found the issues for plaintiff, and assessed his damages at $850. The judgment rendered upon the verdict was affirmed in the Appellate Court for the Fourth District, and a majority of the judges of that court having made the proper certificate to enable it to do so, defendant brings the case to this court on its further appeal.

There is no suggestion the streets and alleys mentioned in the ordinance were not legally vacated. No one makes any complaint on that score. Plaintiff's lot is situated in another block. Although the lot in controversy fronts on Third street, it is some distance from that part of Third street that is vacated by the city ordinance. The only question that can be considered in this court is purely a question of law. It is, can defendant, as a matter of law, be held liable to the plaintiff for damages resulting from the vacation of streets and alleys between Front and Fourth streets,— the vacation being in another block in the city than that in which plaintiff's property is situated.

Much of the argument in support of plaintiff's right to recover in the case, proceeds on the erroneous assumption the property has been "taken or damaged" for public use, and is therefore within the constitutional provision that "private

property shall not be taken or damaged for public use without just compensation." The proposition as formulated by counsel is, this property has been so damaged, and to the extent of this injury it has not only been "damaged," but "taken," within the strict letter and spirit of this provision of our constitution. The difficulty is, the position taken on this branch of the case has no support in anything contained in this record. It is not true, in fact or in law, that defendant has either taken or damaged plaintiff's property for "public use." It has taken no property for public or any other use. That of which complaint is made is vacating certain streets. In no sense can that act be construed as either taking or damaging private property for public use, as those terms are used in the constitution. It is true, the vacating ordinance contains many provisions, and, perhaps, a contract between the city and the railroad company in relation to the use to be made of the vacated streets and alleys, and the land owned by the railroad company that abutted on such streets and alleys; but that fact does not at all aid plaintiff's right of recovery in this action, if the streets and alleys were legally vacated, as they seem to have been.

It therefore seems plain, if plaintiff can recover at all, it must be under that provision of section 1 of the act in force July 1, 1874, in relation to "vacation of streets, alleys and highways," which provides, "when property is damaged by the vacation or closing of any street or alley, the same shall be ascertained and paid as provided by law." The rule of law on this subject was stated by this court in *City of Chicago* v. *Union Building Association*, 102 Ill. 379, where it was said, for any act obstructing a public and common right no private action will lie for damages of the same kind as those sustained by the general public, although in a much greater degree. Accordingly, on the authority of that case, it was held in *Littler* v. *City of Lincoln*, 106 Ill. 353, the rights or privileges of other proprietors in the plat, which the statute protects, are

necessarily legal rights and privileges, and such parties can not, therefore, be affected by the closing of streets not adjacent to their property, nor directly affording access thereto and egress therefrom. The facts of the case being considered bring it precisely within the principle of the cases cited. Here, plaintiff's lot is not adjacent to the streets or alleys vacated. It is in another block. The access to and egress from his lot are not affected by the vacating ordinance passed by the city. The street in front and the alley in the rear of his property remain open as before, affording the same access to and egress from it. The inconvenience that would be occasioned to plaintiff in going from the street in front of his house to a particular part of the city, on account of vacating and closing up certain streets and alleys in another block, is the "*same kind*" of damage that would be sustained by all other persons in the city that might have occasion to go that way, and although the inconvenience he may suffer may be greater in degree than to any other person, that fact would not give him a right of action. The court very properly instructed the jury, for defendant, "that, for the vacation mentioned in that ordinance, the defendant is not liable to plaintiff for any consequential damage that may have resulted to his lot therefrom, and defendant is not liable, in this action, for anything alleged in the declaration in this case done by the St. Louis and Cairo Railroad Company, which said company was not authorized to do by said ordinance."

Leaving out of view all that is alleged to have been done by the railroad company that affects plaintiff's property, as the jury were instructed to do, there remained no ground of recovery against the city for anything it had done in vacating streets and alleys in a part of the city away from plaintiff's property. Whatever, if any, damage he may have sustained by reason of the vacation of such streets and alleys, it was the "same kind," although it might have been in a greater degree, as that sustained by the general public; and the law

seems to be well settled, in this State at least, by the cases cited, that for such damage a party can have no action. In the view taken of the law as applicable to the facts, the court ought to have excluded, as it was asked to do, all the evidence in the case, and instructed the jury to find a verdict for defendant.

The judgment of the Appellate Court will be reversed, and the cause remanded to the city court of East St. Louis.

*Judgment reversed.*