Dantzer *et al. v.* The Indianapolis Union Railway Company.

No. 16,533.

DANTZER ET AL. *v.* THE INDIANAPOLIS UNION RAILWAY COMPANY.

HIGHWAY.—*Street.—Obstruction of Easement of Access to Property.— Damages.—Recovery.*—The obstruction of the easement of access need not always be upon the immediate front of the lot, the owner of which is affected, but if the obstruction, though remote, render access to such lot impossible, or impairs it in a substantial manner at the point where it abuts upon the street, the property-right of the lot owner is invaded, and he may recover.

SAME.—*Recovery Limited to Injury Different in Kind.*—Recovery in such case is limited to injury different in kind, and not simply in degree, from that suffered by the community in general.

SAME.—*Injury in Common with Community in General.—Remote Obstruction.—Inconvenience of Access.*—Where a lot does not abut upon the street obstructed, and the owner is only affected by an inconvenience in traveling to and from his premises, the inconvenience is one suffered alike by all the community, and no recovery therefor can be had.

SAME.—*Damnum Absque Injuria.—Remote Obstruction of Street.—Inconvenience.*—Easements of access, of light and of air are all confined to the street in front of the lot, and if a remote obstruction does not affect these, there is no legal injury, or tort, even though the access be rendered more inconvenient or a more circuitous route of access is necessitated.

SAME.—*Obstruction of Street.—Right of Recovery.—Question of Law, of Fact.—Degree of Injury.*—As to whether one whose access to his property has not been cut off by vacation of a part of a street may recover, is a question of law. However, the degree of injury is a question of fact.

Concurring opinion by HOWARD, J.

McCABE, J., dissents in part.

From the Marion Circuit Court.

*S. C. Claypool, W. A. Ketcham, J. S. Duncan, C. W. Smith, A. Seidensticker* and *J. W. Claypool,* for appellants.

*F. Winter, A. Baker* and *E. Daniels,* for appellee.

HACKNEY, J.—Formerly the appellees' station for the reception and discharge of passengers for all of the rail-

ways entering the city of Indianapolis was bounded on the north by Louisiana street, on thé east by Meridian street, on the south by McNabb street and on the west by Illinois street. McNabb street extended but to the. intersections of Meridian and Illinois streets. One square south of McNabb street, and parallel with that street, was and is South street, extending east and west and connecting with numerous streets of said city, running north and south. Between McNabb and South streets, about midway, and on the west side of Illinois street, were, and ever since have been, the lots of appellants, upon which was erected and maintained a public hotel. At that time Illinois street extended for miles north and south from appellants' property, which abutted upon it, and was free to public travel upon its surface, excepting as the appellee's railway tracks crossed the same. Beneath the surface of said Illinois street, and under said railway tracks, had been constructed and used a tunnel for public travel between Georgia street (the second street north of said station) and said South street.

These conditions, existing in June, 1886, the common council of said city vacated that part of Illinois street beginning fifty feet south of the north line of Louisiana street (the first street north of said station) and extending south for the distance of 210 feet, and also vacated a portion of McNabb street; that is to say, a strip thirty-five feet in width off the north side of said street. Soon after so vacating said streets the appellee tore down its station house and built anew, extending its car sheds and buildings over that part of Illinois street so vacated and enclosing that part of said street, and guarding the former north line of McNabb street with iron fences, and along the vacated portion of McNabb street, to within one foot of the center of said street, it constructed a grade above the old grade of the street and placed thereon two

railway tracks. The north line of the appellants' property is ninety-six feet south of any of the obstructions as added to Illinois street, and the south line thereof is 156 feet from any of such obstructions.

The walls guarding the southern entrance to said tunnel occupy such part of Illinois street that on the west thereof there is a street bed of nineteen feet to the sidewalk curb, on the east there is a street bed of nineteen feet to the sidewalk curb, and on the north there is a street bed of twenty-three feet between the coping and the center line of McNabb street, thus leaving a passage way around the sides and ends of said tunnel. Since so closing Illinois street, the premises of appellants can be reached from the southern part of the city by the same streets and courses that formerly existed, and from the northern part of the city by the ways which existed formerly, excepting by the surface of Illinois street over said distance of 210 feet so vacated, and excepting that part of McNabb street so vacated. The appellants' property, and the block in which it is situated, are accessible from points on Illinois street north of the union station through said tunnel, or by cross streets to Meridian street, thence south on Meridian street to McNabb street, or South street, and thence west to Illinois street south of the vacated portion thereof. The changes occasioned by vacating the streets named have required persons who might desire to reach the property of the appellants from north Illinois street, or in passing from said property to north Illinois street, to travel the more inconvenient route through the tunnel, or the more circuitous route by the way of Meridian and McNabb or South streets, and in traveling McNabb street to be limited to the south sidewalk or to the street bed narrowed to twenty-five feet.

The appellants, making these altered conditions the basis of their claim for damages, sued the appellee in the

circuit court and alleged a depreciation of the value of their property and property rights in the sum of $30,000, and that in the proceedings for said vacation no damages had been assessed or tendered.

The lower court sustained a demurrer to the several paragraphs of complaint, and that ruling is here assigned as error.

Under the Bill of Rights, in the constitution of Indiana (R. S. 1881, section 57; R. S. 1894, section 57), which guarantees that "every man, for injury done him in his * * property * * shall have remedy by due course of law," and under the common law the appellants insist upon a right of recovery. Though the obstructions complained of are remote from the lines of their property, and do not encroach upon the street immediately in front of their property, and while they have ways of ingress and egress to and from their building and lots to and from the same directions formerly existing, it is contended that the appellants, by virtue of their ownership of said property, have a property right in the streets at the points of obstruction; that the right to use the streets for access to their building and lots is a property right not confined to the immediate front of their lots and not dependent upon an ownership of the fee in the street in front of or remote from their lots, and that any destruction or impairment of that right is an injury for which they have a remedy.

The appellee concedes that under said constitutional guaranty, and under the common law, even in the absence of that guaranty, there is a remedy for an injury to one's property. It is conceded also that the appellants held, in addition to their property in the soil of their lots, a property right in the street, that is to say the appendant right of access, or easement of access, in front of their lots, but it is maintained that under the

facts in this case no legal injury exists, no property right of the appellants has been invaded, and if any injury has been suffered it is *damnum absque injuria*.

At least two cases in this State have defined the extent of that appendant property right of access.

In *Haynes* v. *Thomas*, 7 Ind. 38, it is said: "These decisions establish the principle, that besides the right of way which the public has of passage over a street, in a town or city, there is a private right which passes to the purchaser of a lot upon the street, and as appurtenant to it, which he holds by implied covenant that the street *in front of his lot* shall forever be kept open to its full width."

In the case of *Tate* v. *Ohio, etc., R. R. Co.*, 7 Ind. 479, the court quotes the above passage from the case of *Haynes* v. *Thomas*, *supra*, and says, in application of the principle to the facts of the case that "the person, whether natural or artificial, causing the obstruction, is liable to the owners of the adjoining lots for the injury. It is thus carefully limited to those owning lots *fronting on the street* at the point of obstruction. That is the case made in the record. *Such owners only seem to sustain special injury.*"

These cases, and probably others in this State, hold that this property right can not be taken or obstructed, even with legislative sanction. We think we may safely assert, however, that the obstruction of the easement of access need not always be upon the immediate front of the lot, whose owner is affected, but that if the obstruction, though remote, renders access to such lot impossible, or impairs it in a substantial manner at the point where it abuts upon the street, the property-right of the lot owner is invaded, and he may recover. To illustrate this proposition, if a street were fully obstructed on either side of one's lot, so that the lines of the lot

could not be reached, access would be denied to the lot owner, though the street *in front of his lot* had upon it no obstructions.    The property rights of the lot owner, as against the public, are coterminous with the lines of his lot, but that property right may be obstructed and its uses defeated by cutting off ingress and egress to and from such lines from points upon the street beyond such lines.    In such case there should be and is a remedy. This conclusion is held in the case of *Pennsylvania Co.* v. *Stanley,* 10 Ind. App. 421, where the remote obstruction of an alley created a *cul-de-sac,* which it was necessary to enter to gain access to the plaintiffs' abutting lot, but from which there was no exit.    The holding of the case cited finds support from the rule, as to the character of interest of the lot owner in the street, as stated in *Indiana, etc., R. W. Co.* v. *Eberle,* 110 Ind. 542, and see *Buhl* v. *Fort, etc., Co.,* 98 Mich. 596 (608). *City of Indianapolis* v. *Kingsbury,* 101 Ind. 200, is cited by appellants as enlarging the property rights of a lot owner in the street beyond that stated by us and as carrying it throughout the length of the street.    In that case it was held that one who dedicates a street, as part of an addition to a city, and sells a lot with reference to such street, his grantee takes, by implied grant, such an interest in the street so dedicated as that said grantor could not vacate the street and thereby defeat that implied grant.    No question is there made as to the rights of the public in such street nor as to municipal control as against such grantee.    The importance of a distinction between the two cases is manifest when we suggest that the appellants could not be reasonably held to possess property rights in Illinois street three miles north of the union station, the obstruction of which would entitle them to damages, nor could it be said that

they might defeat, at that distant point, the construction of a viaduct, a tunnel or an elevated railway, as an impairment of their easement.

There is, however, this limitation upon every right of action of this class, that the plaintiff must suffer an injury different in kind, and not simply in degree, from that suffered by the community in general. *Decker* v. *Evansville, etc., R. W. Co.*, 133 Ind. 493; *Fossion* v. *Landry*, 123 Ind. 136; *Indiana, etc., R. W. Co.* v. *Eberle*, 110 Ind. 542; *Terre Haute, etc., R. R. Co.* v. *Bissell*, 108 Ind. 113; *Sohn* v. *Cambern*, 106 Ind. 302; *Dwenger* v. *Chicago, etc., R. W. Co.*, 98 Ind. 153; *Pennsylvania Co.* v. *Stanley, supra.*

This rule, with a definition of the phrase, "community in general," was recently stated by this court in the case of *Decker* v. *Evansville, etc., R. W. Co., supra*, as follows: "Whether a lot owner abutting upon a street may maintain a common law action, where a structure in the street imposes no new burden on the soil owned by him, depends upon whether or not the occupation of the street with such structure results in damage to his property peculiar and different in kind from that which is suffered by the community in general. * * * The community in general does not mean those who use the street, and yet reside at such a distance from the railroad, if such be the obstruction of which complaint is made, as to suffer none of the annoyances incident to its construction and operation, but it means those who reside in the immediate vicinity of the railroad, and are subject to the inconveniences incident to such a structure. The location and operation of a railroad upon a public highway may occasion incidental inconvenience to an abutting landowner, but until it cuts off or materially interrupts his means of access to his property or imposes some additional burden on his soil, his injury is the

same in kind as the community in general. Injuries which result from the careful construction and operation of a railroad on the land of another are common to all those whose lands are in close proximity to such road, and for such injuries there can be no recovery in the absence of a statute entitling the owner to maintain such action. *Grand Rapids, etc., R. Co.* v. *Heisel,* 38 Mich. 62; *City of Chicago* v. *Union Building Asso.,* 102 Ill. 379; *Rigney* v. *City of Chicago,* 102 Ill. 64; *Indiana, etc., R. W. Co.* v. *Eberle, supra.*"

The same statement of the rule and the same definition were given, by the late Judge MITCHELL, of this court, in *Indiana, etc., R. W. Co.* v. *Eberle, supra.*

The reason of the rule was stated in *Fossion* v. *Landry, supra,* by a quotation from Blackstone's Commentaries, book 3, page 219, to the effect that only private ways have private remedies, while public ways are the subjects of indictment only, and that special injury not suffered in common with the public must appear before private remedy may be employed.

The inquiry arises, upon the facts and the rules of law as stated, did the appellants sustain an injury substantially impairing or destroying access to their lots and building, from the remote obstructions of Illinois and McNabb streets? If this inquiry were confined to McNabb street, and if the property of the appellants were upon the south side of that street the decisions in this State would require us to answer this inquiry in the negative. *Dwenger* v. *Chicago, etc., R. W. Co., supra; Terre Haute, etc., R. R. Co.* v. *Bissell, supra; Indiana, etc., R. W. Co.* v. *Eberle, supra; Decker* v. *Evansville, etc., R. W. Co., supra.*

In the Eberle case the facts were as above supposed, and, after a full consideration of the question and of many authorities, it was held that in the location and

proper operation of a railroad upon that side of the highway remote from the plaintiff's lot, there was no material interruption of the plaintiff's means of access; that "his injury and damages, while different in degree, are the same in kind as are those of the community at large," and it is said: "All that is found is that the obstruction forces the travel over the highway nearer his lot, and makes access thereto more difficult and inconvenient. That, however, does not show that the erection of the embankment presents any substantial interference with his right of access over the highway as it was previously enjoyed and used, nor does it show any inconvenience of a kind different from that to which the community at large is subjected. The highway may be more difficult and inconvenient of passage at that point by all who use it, precisely as it is inconvenient as a means of access to the plaintiff's lot. That the plaintiff, on account of the proximity of his residence, and because he uses the highway more frequently, may suffer inconvenience greater in degree than others, may be conceded. * * Mere inconvenience or disadvantage, so long as the obstruction complained of does not in some substantial degree impair or deprive the plaintiff of the usual and ordinary means of access to his property, can not give a right of action. *Cummins* v. *City of Seymour*, 79 Ind. 491; *Powell* v. *Bunger*, 91 Ind. 64; *Lansing* v. *Smith*, 8 Cow. 146."

In *Terre Haute, etc., R. R. Co.* v. *Bissell, supra*, a case like that above supposed with reference to McNabb street, it was said:

"In the absence of any showing that the tracks of the appellant's railroad were located, constructed and used on and over that part of First street, of which the appellee claimed to be the owner in fee, the grievances, whereof he complained, caused or occasioned by the occupation

and use of First street for railroad purposes, were such incidental injuries merely as he sustained in common with the public, and not different in degree or character from those sustained by the public generally. For such injuries appellee can not maintain an action against the appellant. *McCowan* v. *Whitesides*, 31 Ind. 235; *Cummins* v. *City of Seymour*, 79 Ind. 491; *Matlock* v. *Hawkins*, 92 Ind. 225; *Dwenger* v. *Chicago, etc., R. W. Co.*, 98 Ind. 153.''

It will be observed that in the cases cited the rule was extended not only to the maintenance of an obstruction but also to the not unlawful operation of a railway, while in the present case there is no allegation of improper operation of the railways, and the rule applies to the appellants with additional force when it is remembered that their lots and building do not abut upon McNabb street, and they are only affected by an inconvenience in traveling to and from their premises, an inconvenience suffered alike by all of the community.

By the cases cited the rule that added inconvenience from such obstructions in the street, upon the side of the center line of the street remote from the property and not upon the property owner's fee, is *damnum absque injuria*, has become so firmly settled in this State that only legislative action can disturb it. It is, therefore, unnecessary to inquire as to the rule in other States or in England, as we are asked to do.

The rules so found, in the absence of direct authority upon the question, would lead with unerring certainty to a decision of the remaining question, namely, the effect of the obstruction upon Illinois street. The easements of access, of light and of air, are all confined to the street in front of the lot, and when it is ascertained that a remote obstruction does not affect these, there is no injury, in a legal sense, any more than in the cases above stated

of obstructions in front of the lot, and when it is established that a mere inconvenience of access, or a more circuitous route of access, does not constitute legal injury, no right of action exists.

But we need not stop with the application of our own cases since the direct question has been decided against the contention of the appellants in numerous cases from other States, involving like obstructions and like injury, and where all of the contentions made in this case were denied. *Buhl* v. *Fort Street, etc.,* 98 Mich. 596; *Stanwood* v. *City of Malden,* 157 Mass. 17; *McGee's Appeal,* 114 Pa. St. 470; *East St. Louis* v. *O'Flynn,* 119 Ill. 200; *Parker* v. *Catholic Bishop of Chicago,* 34 N. E. Rep. 473; *Glasgow* v. *City of St. Louis,* 107 Mo. 198; *Smith* v. *City of Boston,* 7 Cush. 254; *Whitsett* v. *Union Depot, etc., Co.,* 10 Col. 243; *Houck* v. *Wachter,* 34 Md. 265; *Polack* v. *Trustees, etc.,* 48 Cal. 490; *Gerhard* v. *Seekonk, etc.,* 15 R. I. 334; *Kings County, etc., Co.* v. *Stevens,* 101 N. Y. 411; *Coster* v. *Mayor, etc.,* 43 N. Y. 399; *Barr* v. *City of Oskaloosa,* 45 Iowa, 275; *Heller* v. *Atchison, etc., R. R. Co.,* 28 Kan. 625.

The last of these decisions is by Mr. Justice Brewer, and is perfectly clear in maintaining the proposition that one whose access is not cut off, and whose property rights, in the immediate front of his lot, are not invaded, and who suffers only from the loss of convenience of access, which of itself may turn the tide of travel from his premises, occasions loss of business and depreciation in value of property, sustains damage of the same kind but in greater degree than that sustained by the public generally.

We have not endeavored to collect all of the cases holding this view, but have included, as will be observed, the decisions of many States. We concede that the holding of some of the courts of this country are not in har-

mony with this, the great weight of authority, and it would seem that the English rule, urged by appellants' learned counsel, can not be reconciled with the current of authority in this country, but that rule has met with frequent criticisms in the cases we have cited, and is in some justified under acts of Parliament.

However, we are constrained to hold, with the best American authority, even if the conflict with the English rule were sharply drawn and free from distinctions.

There is in this country a line of holdings which is sometimes thought to conflict with what we have said to be the current of authority, namely, those cases which include the holding of liability for obstructions by elevated railways. These, however, should be distinguished as not having relation to access but to the easement of light or air and as encroaching upon the immediate lot front.

All of the cases we have cited, to the question now under consideration, involved the vacation of one or more of several avenues of access and left other avenues which required a more circuitous course in reaching the property of the plaintiff. In several of the cases, provisions of the State constitutions and statutes, reserving damages for the taking of or injury to property, were considered as not allowing damages where the injury was of the character suffered by the community in general. In some of the cases it was urged, as it has been in this case, that, if instead of vacating the street the proceeding had been to establish a street, the appellants would have been subject to assessment for benefits therefrom, and for that reason they would be entitled to damages. It was held not to affect the question. *Buhl* v. *Fort Street, etc., supra; Stanwood* v. *City of Malden, supra; City of East St. Louis* v. *O'Flynn, supra; Kean* v.

*City of Elizabeth,* 54 N. J. L. 462; *City of Chicago* v. *Union Building Association,* 102 Ill. 379.

In the case of *Kean* v. *City of Elizabeth, supra,* it was said in this connection: ''It is assumed by counsel for prosecutrix, that because the prosecutrix was assessed for a benefit resulting from the opening of this street peculiar to herself, that she got a vested right in the continued existence of the street, of which she could not be stripped without compensation. But this, I think, is more plausible than substantial. While the right she got may have been of peculiar benefit to her property, yet it was a right which she shared with the public. The privilege of using the street was shared by each member of the community. It may not have been of the same value to each member of the community, but the right to use the street was in each citizen the same. It was exclusively a public right, put under the control of the representatives of the public. It was subject to alteration or abolition when in the judgment of those to whom the public interests were confided those interests demanded such action. The assessment of benefits is presumed to be based upon the recognized power of the State and its agencies to modify or destroy the improvement.''

It has been suggested by counsel for the appellant that the question, as to whether there has been an injury, is one for the jury under proper instructions. The question has, with but few if any exceptions, arisen upon demurrer to the petition, as it does in this case. A statement of the facts, submitted and tested by the rules of pleading and principles of law, which otherwise would be given as charges to the jury, constitutes the case and call for judicial determination as a question of law. As to whether one whose access was not cut off by the vacation of a part of a street may recover has been expressly held to be a question of law. *City of East St.*

Dantzer *et al. v.* The Indianapolis Union Railway Company.

*Louis* v. *O'Flynn, supra; Stanwood* v. *City of Malden, supra.*

It should be conceded, of course, that if legal injury is pleaded, the degree of that injury, in ascertaining the amount of recovery, may be submitted to the jury, but as to whether a legal injury is pleaded, is a question of law for the court.

In the absence of authority from other States, there could be no escape from the conclusion that our court has gone so far in the direction we have shown as to deny a recovery by the appellants. They have ample means of access to their property, and the vacations complained of do not affect the access to their lot front, but are remote from it. If they have suffered in the depreciation of the value of their property by the inconvenience of the public travel to reach it or of the appellants to reach other parts of the city that inconvenience is suffered alike by all who may desire to go to the appellants' property, or from that property to other parts of the city. It is, therefore, an injury suffered in common by the appellants and the public in general, though the degree of appellants' injury may, and probably is, the greater.

We conclude that the circuit court did not err in sustaining the appellee's demurrer to the complaint, and the judgment is affirmed.

Filed Dec. 21, 1894; petition for a rehearing overruled June 14, 1895.

## CONCURRING OPINION.

HOWARD, J.—I am of opinion that the owner of real estate abutting upon a street or highway should be allowed such damages as he suffers for obstruction to the freedom of his access to his property, whether such obstruction is located immediately in front of his premises or not, and whether he is the owner of the fee in the

street or not.   I think, notwithstanding the decisions to the contrary, that such property owner suffers injury by such obstruction, which is different in kind, as well as in degree, from that which is suffered by the general public.   There can be no doubt, however, that the overwhelming weight of authority, at least in this State, is in favor of confining the award for such damages to those who are deprived, in whole or in part, of access to that section of the highway immediately abutting upon or in front of their own real estate.   While, therefore, in this case, it is not a matter of doubt that the appellants have suffered great damages on account of the obstruction complained of, yet, following the authorities, their damages constitute an injury which must be borne without compensation.

Filed Dec. 21, 1894.

## Dissenting Opinion.

McCabe, J.—I concur in the opinion as to McNabb street, but I do not concur as to the obstruction of Illinois street.

Filed Dec. 21, 1894.