Summers, J.
The contention of counsel for defendants is based upon the following quotations from Elliott on Roads and Streets, page 662; “The right to a road or street which the land owner possesses as one of the public,is different from that which vests in him as an adjoining proprietor, and it is also distinct and different from his rights as owner of the servient estate, The right which an abutter enjoys as one of the public and in common with other citizens is not property in such a sense as to entitle him to compensation on the discontinuance of the road or street; but with respect to the right which he has in the highway as a means of enjoying the free and convenient use of his abutting property, it is radically different, for this right is a special one.”
And, page 663: “Owners of lands abutting upon neighboring streets, or upon other parts of the same street, are not, however, entitled to damages, notwithstanding the value of their lands may be lessened by its vacation or discontinuance. ”
That is, they concede that the abutting owner has an easement of aocess to his property from the street or alley adjacent thereto; but that this easement to the extent it is property is limited to so much of the street or alley as is adjacent to his lot, and that his right in any other part of the street is *387 merely that which he has in common with the public and is not property; that he cannot complain of an injury resulting to his lot from an obstruction of a street or the vacation of a portion of it, unless the injury to him is different in kind from that to the public and not merely in degree, and that no matter how much his lot may be depreciated in value by the vacation of a portion of the street, not adjacent to his lot, the injury to him is different merely in degree, and not in kind from that sustained by the public, and he has no cause of action.
Many cases are cited in support of this contention, and this court has in several instances recognized and applied it. as the general rule. But there are cases which do not fall within the rule, and much of the injustice which has been lamented by courts when applying the rule in particular-cases has resulted from a failure to notice the distinction.
Lewis on Eminent Domain, section 114, says: “When the owner of a tract of land lays the same out into-lots and streets, and sells the lots, the purchasers of such lots acquire as appurtenant thereto a private right of way and access over the streets. This private right arises without any express grant and in the absence of any statute. The law presumes that the parties had in mind the advantage to-be derived from the use of the proposed streets, and implies-a right to such use as a part of the grant; * * * and the existence of these private rights and easements is entirely independent of the mode in which the highway is established,” and it may be added independent of where the fee is-vested.
In Dillon on Municipal Corporations, 4th Ed., section 656 a, Judge Dillon says: “The full conception of the true nature of a public street in a city, as respects the rights of the public on the one hand, and the rights of the adjoining owner on the other, has been slowly evolved from experience, Tt has been only at a recent period in our legal history that these two distinct rights have, separately and in their relations to each other, come-to be understood and defined with precision.”
The supreme court of this state was among the first to-recognize and declare the right of the abutter, and without noticing the earlier decisions,reference may be had to Craw *388 ford v. Village of Delaware, 7 Ohio St., 459, in which the earlier cases are reviewed and in which Swan J.;says,on page 469: “Distinct from the right of the public to use a street,is the right and interest of the owners of lots adjacent, The latter have a peculiar interest in the street, which neither the local nor the general public can pretend to claim: a private right of the nature of an incorporeal hereditament, legally attached to their contiguous grounds, and the erections thereon; an incidental title to certain facilities and franchises, assured to them by contracts and by law, and without which their property would be comparatively of little value. This easement, appendant to the lots, unlike any right of one lot-owner in the lot of another, is as much property as the lot itself.” And again — .“This appendant easement forms a large part of the consideration paid for lots, and is of such intrinsic value to lot owners that, in most cities, assessments for the improvement of streets are made upon the adjacent lots, instead of the city generally-”
In Le Clercq v. Trustees of Gallipolis, 7 Ohio 218, where a perpetual injunction was awarded against diverting a public square from the use for which it was dedicated, Lane J. says, on page 221: “But when such corporation takes as trustee, to hold to prescribed uses, the cestui que use acquires a vested estate, the enjoyment of which may be obtained in chancery,” And again: “In the case, then, before us, wherever the fee was vested it was held in trust as a public square for the use of the inhabitants of the town. It was valuable property, appurtenant to the estate of the lot holders.”
In City of Cincinnati v. Commissioners of Hamilton County, 1 Disney 4, (Gholson J.), it is held where a street is vacated on the application of the county commissioners, the county owning the property on both sides of the street, that the city is entitled to compensation to be assessed by a jury; that to vacate the street without such assessment by a jury would be in violation of the constitution.
In McQuigg v. Cullins, 56 Ohio St., 649, it is decided that the order of vacation of a township road by the township trustees has the effect to relieve the public from any duty to keep such road in repair, but does not extinguish the *389 easement of the owners of adjacent lands; and on page 654, Spear J., speaking of this easement, says: “It is in the nature of private property, for the taking of which there is no right in the public, except upon awarding compensation. ”
In the absence of statutory regulation the right of a purchaser of a lot in a subdivison, with respect to the plat, in the streets and alleys laid out on the plat, is not different from that of the lot owners in a public square, as determined in Le Clercq v. Trustees of Gallipolis, supra, It is an easement appurtenant to his lot in all the streets and alleys represented by the plat, and if the value of his lot is affected by the vacation of a street or alley,he is entitled to compensation, for his right is different from that of the public,and his injury is different in kind whatever its degree.
Streets are subject to control, regulation and improvement by the municipalities, and in this state for many years the manner in which they may be dedicated and vacated has been a matter of statutory regulation, and the rights of the dedicator and of the public and of the grantor and grantee of adjacent lots are subject to them.
Sections 2652 and 2653 of the Revised Statutes provide for the vacation of a street or alley by the council, but such vacation only extinguishes the rights and obligations of the public,and section 2654 expressly provides that “The right of way and easement therein of any lot owner shall not be impaired thereby.”
Sections 2655-2657 provides for the vacation of streets and alleys by the court of common pleas and recognize the easement of lot owners as extending, beyond that part of the street adjacent to their lots, to the streets in the vicinity. It is provided in substance that a person owning a lot in the immediate vicinity of a street or alley sought to be vacated may have his damages assessed by a jury and is entitled to be fully paid his damages so assessed before such street or alley is closed or obstructed.
This is not merely a legislative declaration of the rule adopted by courts, but a substantive law to forfend against the injustice of the general rule.
The purchser buys subject to these statutory provisions. Under them the city is not bound to keep a street or alley open, but may vacate it, and so relieve itself from responsi *390 bility for its condition; but a street or alley so declared vacated may not be closed or obstructed against the objection of a person owning a lot in the immediate vicinity until his damages, assessed by a jury if he so demands, shall have-been fully paid.
Thompson & Clark, for Plaintiff.
Arnold, Morton & Irvine, and say, for Defendants.
It is not necessary to lay down a rule by which to determine when a lot is in the immediate vicinity. The view of' the superior court of Cincinnati, general term, in the well-considered case, Furniture Co. v. Railway Co., 7 Ohio Nisi Prius, 640, that an abutting lot owner’s easement in a street, extends at least to the first connecting or intersecting street, or alley, receives our approval, and in this view the plaintiff’s lot is in the immediate vicinity of the alley that was-closed,
Tbe defendants,or their predecessors in title, obtained the-plaintiff’s money for her lot upon the representation that this alley as shown on the plat would forever so remain unless vacated in the manner provided by law, and until so-vacated she may object to its being closed or obstructed,
The well considered case, Field v. Barling, 149 Ill., 556; 41 Am. St. R. 311, fully supports our conclusion.
In Re C., N. O. & T. P. Ry. Co., 19 O. C. C., 308, does not necessarily conflict with the conclusion reached,for it is to the effect that the owner of a lot in the immediate vicinity cannot recover for injuries that are not different in kind as well as degree from those to the public.
Dantzer v. Indianopolis Union Ry. Co., 141 Ind. 604; 50 Am. St. Rep., 343, isa recent well considered case supporting a different conclusion.
Whether or not an injunction shall be allowed is not involved; that will be determined upon the hearing; the sole question considered being whether the answer stated facts sufficient to constitute a defense.
The judgment is reversed for error in overruling the demurrers to the answers, the demurrers are sustained and the cause remanded.